## Thomas L. Andrews *v.* Sarah Rhodes.

Prescription runs against a note payable on demand, from its date, not from that of the demand. *Per Curiam:* Prescription attaches to a right from the moment that it can be exercised.

Defendant sued on a note without date, but bearing interest from a certain day, pleaded prescription, and the court, assuming that the note was made on the day from which it bore interest, gave judgment in his favor. *Held,* that the court erred in assuming that the note was made on the day from which it bore interest ; and that defendant was bound to prove the facts from which relief was sought under the plea of prescription.

Appeal from the District Court of East Baton Rouge, *Johnson,* J.

*Morgan,* for the appellant.
*Elam,* for the defendant, cited Civ. Code, art. 1953.

Martin, J. The plaintiff is appellant from a judgment sustaining the defendant's plea of prescription to the note sued

Andrews v. Rhodes.

upon.* It is payable on demand, and bears interest on its face, from the 1st of January, 1836, but is without a date.

The first judge assumed the day from which interest is to run as the date of the note; and more than five years having elapsed between that day and the inception of the present suit, sustained the plea of prescription.

The plaintiff's counsel urges that he erred, as the defendant was bound to prove the facts from which the prescription arises, which she failed to do; that the court erroneously assumed the day from which interest was to be computed, as the date of the note; that prescription on a note payable on demand runs only from the demand, and that none is proved but the judicial.

The defendant's counsel urges that his client is an illiterate woman, as it appears that she cannot write and made her mark; that she could not detect the omission of the date; that the plaintiff could, and that he ought to have insisted on its being supplied; and he relies on the 1953rd article of the Civil Code.

We cannot agree with the plaintiff's counsel, that prescription does not run on a note payable on demand until the demand, for if it was so, the holder could prevent the prescription from beginning, as long as he pleased, by delaying the demand. Prescription attaches to a right from the moment it may be exercised.

We think, however, with him, that the court erred in assuming that the note was made on the day from which it bears interest, and that the defendant was bound to adduce legal proof of the fact from which she seeks relief under the plea of prescription. She might have done so by affixing a date to her note, and it does not appear to us that her inability to write enables us to help her. The article of the Civil Code on which her counsel relies, may, perhaps, with more propriety be invoked by the plaintiff.

It is, therefore, ordered, and decreed, that the judgment be annulled and reversed, and that the plaintiff recover from the defendant the sum of $416 56, with interest at the rate of ten per cent a year, from the 1st of January, 1836, until paid; the defendant and appellee paying the costs in both courts.

---

* The judgment was against the plaintiff as in case of a non suit.