## Widow Pierre Gautreau *v.* Auguste H. Verret.

The court will not presume that a note not dated, and bearing 10 per cent. interest on its face, was executed on or before the day when the rate of interest was limited by law to 8 per cent.

APPEAL from the District Court, Fifth District, Parish of Terrebonne, *Cole,* J. *Goode,* for plaintiff. *J. C. & A. Beatty,* for defendant and appellant.

Merrick, C. J. The note sued on in this case is in these words, viz. :

" A un an de date, je promets de payer à l'ordre de veuve *Pierre Gatreau* la somme de trois cent soixante-trois piastres et 99-100, pour valeur reçue et les intérêts à dix du cent de cette date.

"Terrebonne, 27 avril, 184–.

           (Signed)            " A. H. Verret."

The note is in the handwriting of defendant, and the plaintiff, it appears, does not know how to write.

GAUTREAU
*v.*
VERRET.

The plea of prescription is interposed.

It appears now to be well established that the defendant, who pleads prescription, must show the facts from which it results—that the burden of proof is upon the defendant to establish the plea.

The defendant contends that there are two circumstances from which the date of the note may be inferred to be more than five years previous to the institution of the suit.

The one is, that the note bears 10 per cent. interest, and it must be presumed to have been given prior to the statute of 1844 reducing the rate of interest to 8 per cent.

The other, that the defendant for several years has not been in good credit.

In regard to the last fact proven, it may be remarked that no presumption can arise from this circumstance, as the plaintiff is not shown to have had knowledge of the same.

The other ground seems to be covered by the case of *Andrews* v. *Rhodes*, 10 Rob., 52, where it was held that the court would not presume that a note not dated was executed at or before the day when interest commenced to run according to the face of the note. The statement of the interest at 10 per cent. may have been by error, or as the judge of the lower court remarks, the note may have been given in renewal of an old one. The defendant has failed to make his plea certain, and the judgment of the lower court, which correctly rejects the interest, must be affirmed.

Judgment affirmed.