## JAMES J. WEEMS *v.* PETER R. VENTRESS.

Where it is stipulated, in an act of sale, that the note given for the price, shall remain deposited with the parish Recorder, until a certificate of non-mortgage is furnished, its possession by the plaintiff, is *prima facie* evidence, that it was delivered to him by the depositary after a certificate furnished.

If the plaintiff came into possession of the note improperly, the defendant's remedy would have been by injunction, not by an appeal from the order of seizure and sale.

Where a note bears interest from maturity, the interest begins to run from the day of payment specified, without allowing for days of grace.

Parties against whom executory process is issued for an amount which exceeds in some particular the sum shown to be due by the documents filed, ought to address themselves to the Judge who issued the order, to have the error corrected, instead of making such error the pretext for an appeal involving vexatious delays.

APPEAL from the District Court of the Parish of Iberville, *Beale*, J. *S. Mathews*, for plaintiff and appallant. *Barnard & Pope*, for defendant.

BUCHANAN, J. This is an appeal from an order of seizure and sale upon a note given for the price of a sale, protested for non-payment.

The defendant assigns for error on the face of the proceedings :

1st. That the act of sale stipulates that the note on which this order has issued, shall remain deposited with the parish Recorder until a certificate of non-mortgage is furnished.

The plaintiff annexes the note to his petition for seizure and sale. His posses-

WEEMS
*v.*
VENTRESS.

sion of the note is *prima facie* evidence that it has been delivered to him by the depositary, (the parish Recorder,) after a certificate furnished. If the plaintiff has come into possession of this note improperly, this would be the ground of an injunction, not of an appeal from the order of seizure and sale.

2d. That the order of seizure and sale allows interest from the 15th of April, 1858 ; while interest should only have been allowed from the 17th, the date of protest.

The act of sale declares the price to be payable, a portion in cash and the balance in six equal and annual instalments, for which the vendee has executed his six promissory notes, " with interest from and after maturity, at the rate of eight per cent. per annum till paid, and said notes are all dated this day, and payable respectively on the fifteenth of April of the years 1858," &c. By contract, therefore, as well as by law, (Acts 1855, p. 352,) the interest ran upon this note from the day of its maturity, the 15th of April, 1858.

The case of *Cumming* v. *Archinard*, 1 An. 280, relied on by defendant, was decided under the old legislation of Louisiana, according to which interest only ran, in the absence of a contrary stipulation, from the day of protest of a note. See also the case of *Andrews* v. *Rhodes*, 10 Rob. 52.

3d. That the order of seizure and sale improperly allowed four dollars costs of protest, for which the record furnishes no warrant.

Since this assignment of errors, the record has been completed upon the application, regularly made, of the appellee; and an amended copy of the protest, with the notarial fees ($4) endorsed, has been certified to us by the Clerk of the District Court.

Upon this point, it is not out of place to observe, although unnecessary for its decision, that there are some very sensible suggestions in the dissenting opinion of Judge Preston, in the case of *Nichols* v. *Grice*, 6 An. 446, (quoted by appellant,) to the effect that parties against whom executory process is issued for an amount which exceeds in some particular the sum shown to be due by the documents filed, ought to address themselves to the Judge who issued the order, to have the error corrected, instead of making such error the pretext for an appeal, involving vexatious delays, and it may be great pecuniary loss to a creditor in pursuit of a just debt. In fine, this is a case where the maxim applies, *de minimis non curat lex*.

We decline to allow damages for a frivolous appeal, as asked by the counsel of appellee, for the reason that the record, as it stood when the assignment of errors was filed, did not exhibit the notarial fees of protest and notices.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

COLE, J., concurring. If the nature of days of grace be considered, it is clear that when a note bears interest from maturity, the holder is entitled to interest upon the days of grace.

The elementary writers upon bills of exchange and promissory notes state, that days of grace were probably originally introduced by the usage of merchants, in the first place, to enable the acceptor of a bill, the more easily to make payments of his acceptances as they became due, which, as the payments were all to be made in gold and silver, might sometimes, from the occasional scarcity of the precious metals, become a matter of no small difficulty and embarrassment; and in the next place, to point out to the holder, what time he might reasonably grant to the acceptor for such payment, without being guilty of *laches*, or endan-

gering his right of recourse, upon the ultimate non-payment of the bill by the acceptor, against the other parties thereto.

The usage, which was at first probably discretionary and voluntary on the part of the holder, became afterwards a right, and was also applied to promissory notes. Story on Notes, sec. 215 and note.

The origin of days of grace was then not to diminish the obligations of the debtor, and to enable him to have the use of money, without interest, for a certain time after the bill or note became due, but it was to facilitate him in procuring the means to liquidate it by the granting of a certain time, which varies in different commercial countries. Story on Notes, ? 217.

The note is really due, when the days of grace commence, for they cannot begin until it has matured upon its face. When, then, as in the case at bar, the notes bear interest after maturity, the interest runs from the time they mature upon their face, and not from the time they are made to mature by the days of grace.

The money is understood to be loaned for the length of time accorded by the days of grace beyond the time specified in the note, and it is not to be supposed that the debtor is to have the use of the money for this additional time for nothing. The days of grace were not accorded to diminish the force and effect of the original contract, to lessen the rights of the creditor, or to enable the debtor to have the money for this additional time, without paying interest.

In *Ogden* v. *Saunders*, 12 Wheat., pp. 213, 312, Mr. Chief Justice Marshall, discussing this subject as applicable to promissory notes, says :

" The usage of banks, by which days of grace are allowed on notes, payable and negotiable in bank, is of the same character. Days of grace, from their very term, originate partly in convenience and partly in the indulgence of the creditor.

" By the terms of the note, the debtor has, to the last hour of the day on which it becomes payable, to comply with it ; and it would often be inconvenient to take any steps after the close of day.

" It is often convenient to postpone subsequent proceedings till the next day.

" Usage has extended this time of grace, generally, to three days, and in some banks to four. This usage is made a part of the contract, not by the interference of the Legislature, but by the act of the parties.

" The case cited from 9 Wheat. 581, is a note discounted in bank. In all such cases, the bank receives, and the maker of the note pays, interest for the days of grace.

" This would be illegal and usurious, if the money was not lent for these additional days.

" The extent of the loan, therefore, is regulated by the act of the parties."

In a case quoted by Kid, in his work on bills of exchange and promissory notes, p. 125, the reporter said :

" It was also observed, that it had been uniformly the custom of the Bank of England, the bankers, and the principal merchants in the city, to make allowance for the three days in discounting these notes ; and that if they were not to be allowed, that practice must be illegal, and they must all have incurred the penalties of usury."

In the banks of New Orleans, it is customary in discounting notes, to charge interest for the days of grace.

The reason why interest is due upon the days of grace is, that although by

WEEMS
v.
VENTRESS.

commercial law the bill or note may not be demandable for a certain time after its apparent maturity upon the face thereof, yet that it did really become due at the time designated in the obligation, but by a tacit contract between the parties, the money is considered to be lent for the additional number of days accorded as days of grace in the country where the bill or note is made and payable.

Art. 2206 of the Civil Code declares : " The days of grace are no obstacle to the compensation."

This Article evidently considers the debt to be in fact due, when it becomes so upon its face, otherwise compensation could not take place, for it can only exist between two debts equally liquidated and demandable.   C. C. 2205.

Article 2206 clearly makes the distinction between the debt demandable upon its face, as matured, but not demandable according to commercial law, and it considers that the right of a party to plead compensation ought not to be defeated, because, although the note appears to be due and demandable upon its face, it is really not so, on account of the extension of time granted for the benefit of the debtor.

When the note matures upon its face, it is in reality due ; but by the tacit contract between the parties, an extension of time is granted.   But although this is understood at the time of the execution of the obligation, yet the note becomes due at the time specified in it ; and by the tacit contract, the consideration of the obligation, is loaned for the additional time of the days of grace, so that it, in fact, becomes demandable at the time of expiration of the second or tacit contract.   As then, it is due when the second contract tacitly begins, this is the reason why compensation can be plead as provided by Article 2206.

Article 1931 of the Civil Code declares, that in contracts, stipulating a conventional interest, it is due without any demand, from the time stipulated for its commencement until the principal is paid.

In *Keith, curator, &c.,* v. *City of New Orleans,* this court said, "The obligation of defendant bore interest upon its face, from date."   It was not necessary, therefore, for a protest in order to make it carry interest.

If, in the case at bar, no interest were allowed for the days of grace, defendant would then have the use of property, bearing fruits and revenues, without paying their equivalent, which is represented by interest.

I concur in the decree.

MERRICK, C. J., dissenting.   I cannot think that the promissory note payable to order, matured, so as to bear interest, before the expiration of the last day of grace.   Acts 1855, p. 47, sec. 6, and p. 352 ; Story on Promissory Notes, sec. 215, and note 1 ; Chitty on Bills, ed. 1849, p. 521 ; *McDonald* v. *Lee's Administrator.*

And as I see no reason to overrule the case of *Cumming* v. *Archinard et al.,* 1 An. 280, I am unable to concur in the decree in this case.