SUCCESSION OF LOUISE MONTAMAT, WIDOW IVES LEBLANC, MRS. E. LE-
BLANC, Curatrix of EUGÈNE LEBLANC, v. DUNCAN KENNEDY, Admin-
istrator, et al.

Necessary expenses paid by the parent for one of the children, or by the administrator after the
parent's death, should be deducted from the share of that child, upon the partition of the succession.
The party who pleads prescription is bound to prove the facts necessary to sustain the plea.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
A. *Robert*, for plaintiffs and appellants.   G. *LeGardeur* and P. E. *Théard*,
for defendants.

BUCHANAN, J.  This is an action for partition.  Plaintiff represents her hus-
band, an interdicted person, heir, for one-fifth, of his mother; of whose estate the
defendant, *Duncan Kennedy*, is administrator, and the other four defendants are
heirs.

Plaintiff calls upon the administrator and the co-heirs for a division of the pro-
ceeds of the succession sold, and also of sums received for rent alleged to amount
in the aggregate to $17,060.

The administrator files an account showing the net proceeds of the succession
property, after deducting charges and claims, to be $9,120 37, of which one-fifth
or $1,824 07 belongs to each heir.

He also files his account with the heir whom the plaintiff represents, crediting
him with $1,824 07, his share of his mother's succession, as aforesaid; and
charging him with sundry expenditures amounting to $3,642 74.—Balance to
debit of plaintiff, $1,818 67,

The judgment of the District Court amended these accounts by allowing hire
of two slaves, at twelve dollars a month each, as a credit to the succession, and
approving, in other respects, the administrator's accounts.

Plaintiff appeals, and has filed in this court a plea of prescription of three and
ten years against the allowance, as a charge against the succession, in favor of
one of the defendants, *Stéphanie LeBlanc*, of $1,907, her share in the succession
of her father, *Ives LeBlanc*, received by her mother, the decedent.

Appellant complains of the judgment of the court below, on three grounds.

1st. Because it did not allow for rent of house received by the adminis-
trator.

2d. Because it allowed $2,130 for necessary expenses of plaintiff's husband,
*Eugène LeBlanc*, paid by his mother; also items paid for the same by the admin-
istrator.

3d. Because it allowed $1907 to *Stéphanie LeBlanc*, as creditor by mortgage
of the succession.

I. The omission of house rent as a credit to the succession, in the judgment,
seems to have been the effect of inadvertence, and which would probably have
been corrected by the District Court, had the same been brought to its attention.
But it is remarkable that, although a new trial was applied for by the appellant,
yet this was not made a ground for the application.

The administrator (who is also the attorney in fact of three out of the five
heirs,) has filed a separate statement of the amount collected by him for house

rent, being eleven months and seventeen days, at $165 per month, or $1,908 50. Against this amount, he has charged the sums paid by him for doctor's bills, funeral expenses, due bill of *Widow LeBlanc*, and insurances, taxes and repairs to the property, and his own commissions as administrator on the amount of rent collected—total $866 98, leaving a balance in the administrator's hands of $1,041 52, by which amount, as a credit to the succession, the judgment is to be amended.

II. The court did not err in making the allowances which are the object of this ground of complaint by appellant.

The plea of prescription against the claim of *Miss Stéphanie LeBlanc* upon her mother's succession, for her share in the succession of her father, is not sustained by proof. It is admitted of record, that a special mortgage was executed by *Mrs. Ives LeBlanc* on the house corner of St. Peter and Royal streets, in favor of her minor children, for the security of their rights in their father's estate; and that the rights of each child amounted to $1,907. In this admission we find no date, as a starting point for prescription. The party who pleads prescription is bound to prove the facts necessary to sustain the plea. *Andrews* v. *Rhodes*, 10 Rob. 52.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, by crediting the succession of *Mrs Ives LeBlanc*, and debiting the administrator with the sum of ten hundred and forty-one dollars and fifty-two cents, as balance in his hands of rents of house collected; that in other respects the said judgment be affirmed; and that the costs of this appeal be borne by the succession.

LAND, J., absent.