## GEORGE W. WHEELESS v. WILLIAMS & DANIELS.

PROMISSORY NOTE.  *Interest.  Meaning of "after maturity."*

Where a promissory note payable on a certain day bears interest "after maturity," interest should be computed from the day fixed for payment, and not from the expiration of the days of grace.

APPEAL from the Circuit Court of Claiborne County.

HON. J. B. CHRISMAN, Judge.

This action was brought on the 19th of November, 1883, before a justice of the peace to recover the balance due upon a promissory note for three hundred and eight dollars, payable on the 1st day of January, 1882, with interest at the rate of ten per cent. per annum "after maturity until paid." Two payments had been made on the note, on the 3d of January, 1883, aggregating one hundred and eighty-eight dollars and eighty cents. The justice of the peace rendered a judgment in favor of the plaintiff and the defendants appealed to the circuit court. Upon the motion of the defendants the circuit court dismissed the action on the ground that the principal of the amount sued for exceeded one hundred and fifty dollars, and was, therefore, beyond the jurisdiction of the justice of the peace. The sum of the principal and interest on the 3d of January, 1883, the date of the payments, amounted to three hundred and thirty-eight dollars and ninety-seven cents, computing interest from the 1st of January, 1882; and after subtracting the aggregate payment of one hundred and eighty-eight dollars and eighty cents, the balance of the principal would be one hundred and fifty dollars and seventeen cents. But if interest on the note be computed from the 4th of January, 1882, not reckoning interest on the three days of grace, the balance of the principal due after deducting the payments would be one hundred and forty-nine dollars and seventy-one cents.

From the judgment of dismissal the plaintiff appealed to this court.

*J. McC. Martin*, for the appellant.

In legal contemplation "*maturity*" means arrival at the time fixed for payment, or a ripening into right of action. A note does

not *mature until* the *three days* of *grace have expired.* No action can be brought on a note until said days of grace have expired; hence, it cannot be said to have matured until said days have run. *Fleming et al.* v. *Fulton,* 6 How. 473; *Wiggle et al.* v. *Thomason,* 11 S. & M. 455; *Winston et al.* v. *Miller et al.,* 12 S. & M. 553, 554; *Love* v. *Nelson,* M. & Yerg. 237; Dennis, Bryant & Stratton's Com. Law, § 337.

*Stephen Thrasher,* for the appellees.

The days of grace after the maturity of a note are simply given by the law to the maker to get ready for payment, and have grown out of a custom, and interest is computed for them. On this subject, "Edwards on Bills and Promissory Notes," p. 518 (top), says: "In computing the time when a note or bill becomes due, the days of grace are added, and what shows most conclusively that there is now no idea or notion of favor connected with them *is the fact that interest is charged and allowed for them* just the same as if they formed a part of the note or bill itself." See also *Bank of Utica* v. *Wager,* 2 Cow. 766.

COOPER, J., delivered the opinion of the court.

On a note made payable on a certain day and bearing interest after maturity, interest begins to run on the day named, although for the purposes of suit the note does not mature until the expiration of the days of grace. *Weems* v. *Ventress,* 14 La. Ann. 267.

*Judgment affirmed.*

