### LITTLE ROCK TRUST Co. *v.* MARTIN.

Opinion delivered February 11, 1893.

*Negotiable instrument—Alteration.*

> Where a note payable on November 1, 1889, provided that if it was paid at maturity, interest should be paid " at —— per cent. from November 1, 1889, but if not paid when due, interest at —— per cent. per annum from date until paid," an alteration of the note by insertion of the word " eight " in the first blank is material, and avoids the note ; since, after allowing grace, the note as executed, if paid at maturity, bore no interest, but as altered bore eight per cent. interest from November 1 to November 4, 1889.

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*W. S. McCain*, for appellant.

1.  The alteration to be fatal must be material. Randolph, Com. Paper, 1743; 5 Ark. 377; 112 U. S. 137. The court must determine whether the alteration was material.    35 Ark. 146; 1 Pet. 552.

2.  The alteration had no legal effect; it did not change the amount or legal effect of the note sued on, and hence was immaterial.

*A. D. Jones*, for appellees.

An alteration making a note bear interest which originally did not, or any alteration regarding the interest is material.    54 Mo. 272; 68 Pa. St. 237; 8 Am. Rep. 172; 63 Pa. St. 327; 3 Am. Rep. 541; 56 N. Y. 34; 74 N. Y. 307; 11 Bush (Ky.), 69; 13 Neb. 497; 43 Me. 504.

Any alteration which affects or alters the rights of the parties or their obligations, to such an extent that it is no longer the contract which the parties signed, is material.    10 S. & R. (Pa.), 419; 6 Ala. 707.

BATTLE, J.   This was an action on a note in the following words and figures:

"SALINE Co., ARK., January 17, 18—.

"On or before the first day of November, 1889, I promise to pay L. Cahill & Co., or bearer, seventy dollars, at Bank of Little Rock, value received.   If paid at maturity, interest at eight per cent. from November 1, 1889; but if not paid when due, interest at —— per cent. per annum from date until paid.   No promise or contract outside of this note will be recognized.

(SIGNED)          .  S. R. MARTIN. ·
                     J. W. HUEY."

The defense was, the note had been materially altered since it was executed.   The second sentence in the note as executed read as follows: "If paid at maturity, interest at —— per cent from November 1,

1889 ; but if not paid when due, interest at ———— per cent. per annum from date until paid." It was altered to read : "If paid at maturity, interest at eight per cent. from November 1, 1889 ; but if not paid when due, interest at —— per cent. per annum from date until paid."

The defendants recovered judgment, and the plaintiff appealed.

Appellant insists that the alteration of the note had no legal effect, and was therefore immaterial. It is said in its abstract that this was the only issue. Was the legal effect of the note affected by the alteration?

Allowing days of grace, this note was due on the 4th of November, 1889. If paid at maturity, the note as executed bore no interest, but as altered, eight per cent. per annum from the first of November, 1889, until the 4th of the same month. *Wheeless* v. *Williams*, 62 Miss. 369 ; S. C. 52 Am. Rep. 190 ; *Bank of Utica* v. *Wager*, 2 Cow. 712. The difference is slight, but the maxim, *De minimis non curat lex*, is not applicable to cases like this. The alteration made the note void. *Craighead* v. *McLoney* (Pa.), 14 Cent. Law J. 192 ; *Stephens* v. *Graham*, 7 S. & R. 505 ; *Kennedy* v. *Lancaster County Bank*, 18 Pa. St. 347.

Affirmed.