LEE (BREEDEN v.). See Case No. 1,828.

## Case No. 8,184.

### LEE v. CASSIN.

[2 Cranch, C. C. 112.] [1]

Circuit Court, District of Columbia. June Term, 1815.

BILLS AND NOTES—DEMAND NOTE — WHEN CAUSE OF ACTION ACCRUES—LIMITATION OF ACTIONS—LEX LOCI CONTRACTUS.

1. Upon a note payable on demand, the cause of action does not accrue until demand made; and if the defendant remove before demand, the act of limitations is no bar.

2. The act of Maryland is no bar, in the county of Washington, D. C., to an action upon a note made by the defendant in Massachusetts, if the plaintiff has always resided in that state; and to the plea of the statute he may reply that he was beyond seas, &c.

Assumpsit upon the defendant's promissory note, made in Massachusetts, where all the parties resided. There was a count also for money had and received. The defendant pleaded, 1st. Non assumpsit. 2d and 3d. Non assumpsit, and actio non accrevit infra tres annos, under the Maryland act of limitations. 4th. Non assumpsit infra sex annos, under the act of limitations of Massachusetts. The note was payable on demand, and to the 4th plea the plaintiff replied that the defendant removed from Massachusetts before demand, and consequently before the cause of action accrued; and that he left no property, &c. To the 2d and 3d pleas the plaintiff replied that he was beyond seas, &c. To these replications the defendant demurred.

Mr. Wallach and Mr. Jones, for plaintiff.

The statute of limitations of Massachusetts is no bar here. It is to be considered as a statute of limitations of a foreign state which does not extinguish the right, but the remedy only in that state. Williams v. Jones, 13 East, 439; Pearsall v. Dwight; 2 Mass. 84; Nash v. Tupper, 1 Caines, 402. The plaintiff has never been in the District of Columbia; the statute of Maryland, therefore, cannot apply to him. He has always been within the exception of persons beyond seas. Searight v. Calbraith, 4 Dall. [4 U. S.] 327; Conframp v. Bunel, Id. 419; Ruggles v. Keeler, 3 Johns. 263.

Mr. Key, contra.

The lex loci contractus governs the case. Ball. Lim. 84. The note being payable on demand, the cause of action arose as soon as the note was signed; and consequently

[1] [Reported by Hon. William Cranch, Chief Judge.]

before the defendant left the state, so that the statute of limitations of Massachusetts had begun to run before he removed.

THE COURT (MORSELL, Circuit Judge, not sitting) was of opinion that on a note payable on demand, the cause of action does not accrue so as to make the statute of limitations begin to run until a demand be made. That the removal of the defendant from Massachusetts, before the cause of action accrued, was a bar to the statute of limitations of Massachusetts; and the replication that the plaintiff was beyond seas, was a bar to the statute of Maryland.