(Decided June 3rd, 1862.)

---

FELLS POINT SAVINGS INSTITUTION OF BALTIMORE, *vs.* JAMES C. WEEDON, Adm'r of GEORGE F. ALLEN.

Limitations on a promissory note, payable on demand, run from its date, and not from the time of demand, but, on a certificate of deposit, payable, with interest, on demand, *on return* of the same; only from the time of demand actually made.

A certificate of deposit in a savings bank, payable to the depositor, or order, on demand, and on return thereof, is a *negotiable* instrument, and on demand of payment the bank has the right to insist, that the certificate shall be produced and delivered up, as its voucher of payment, and security against any future claim.

Where the administrator of the depositor, in such a case, sues the bank, at law, for the deposit, and the certificate is shown to be in the possession of a third party, and there is no proof that the depositor did not endorse it in his lifetime, the plaintiff cannot recover without producing the certificate.

Where a party is called on to pay a lost negotiable bill or note, the loss and consequent non-production, constitute a good defence at law.

Where, from the character, or want of negotiability, of the instrument, at the time of loss, the debtor can set up any equitable defence against a subsequent *bona fide* holder, claiming through the finder, a court of law may exercise jurisdiction, but in all other cases the only remedy is in equity.

A prayer, that the plaintiff is not entitled to recover upon the pleadings and evidence in the cause, is too general in its terms since the Act of 1825, ch. 117.

A prayer, that if the jury find "that the *fund deposited*" is still in bank, and that *proper* letters of administration have been taken out and granted to the plaintiff," &c., is defective in *assuming* the fact of deposit, and in leaving to the jury a question of law.

Where an instruction is granted by the court, after rejecting the prayers offered by counsel, it is defective, unless it declares the law upon the points raised by the counsel, in terms explicit and intelligible to the jury.

APPEAL from the Superior Court of Baltimore City.

Action brought April 2nd, 1858, by the appellee against the appellant, to recover $500 with interest, which sum was deposited in the Savings Institution by the plaintiff's intestate. At the time of the deposit a certificate in the following form was issued and delivered to him therefor:—

"$500. BALTIMORE, *May* 19*th*, 1854.

"George F. Allen has deposited in the Fells Point Savings Institution of Baltimore, the sum of five hundred dollars, which sum, with interest at the rate of three per cent. *per annum*, will be paid to him or to his order *on demand, and on returning this certificate.*"

Several exceptions were taken at the trial, but by an agree-

ment filed in this court, it was "agreed to try this cause as if issues had been regularly and properly joined in the court below:—all mere formal defects in reference to pleadings and evidence, are hereby waived: the object is to determine by this appeal the question, whether the appellee, as administrator, is entitled to recover the amount deposited in the hands of the defendant by Allen, without actual production of the certificate at the trial of the case."

The evidence shows that letters of administration on Allen's estate, were granted to the plaintiff, May 4th, 1855, by the orphans court for Baltimore city; that Allen was reported to be dead, and a merchant of New York city addressed a letter to the treasurer of the defendant, stating, that he was in possession of Allen's effects and of this certificate of deposit, but did not say he had taken out letters of administration nor pretend that the certificate was endorsed or assigned; that after grant of his letters, the plaintiff made demand on the defendant for payment, acknowledging that he was not in possession of the certificate, and the defendant refused payment unless the certificate was produced, and refused all applications for payment, because none of the parties making them were in possession of letters of administration and of the certificate; that a party from New York city demanded payment, representing himself as administrator of Allen, and exhibiting documentary evidence of his appointment by a court of that State, but this demand was refused, because the claimant was *not*, and admitted he never had been, in possession of the certificate; that the money had never been paid, and the defendant admitted itself indebted for the same, and was ready and willing to pay to any person who could show himself entitled by law to receive it, and who was competent to give therefor a valid release and acquittance; that Allen had never made a personal application for the money, and was reported to have died at sea, but the date of his death is unknown. The defendant asked several instructions in substance as follows:—

1st. If the jury find that Allen made the deposit on the 19th

of May 1854, and received a certificate therefor on that day, in the form stated in the evidence, and that such certificate was then issued and delivered to him by the defendant, then the plaintiff's remedy is barred by limitations.

2nd. If the jury find the facts stated in the preceding prayer, and that said certificate has not been lost or destroyed, but is now held by another person than the plaintiff, then he is not entitled to recover.

3rd. If the jury find the facts stated in the preceding prayers then the plaintiff is not entitled to recover without producing said certificate to be cancelled.

4th. That the plaintiff is not entitled to recover upon the pleadings and evidence in the cause.

The court (Lee, J.) refused these instructions as prayed, and instructed the jury, that if they shall find from the evidence in this cause, that the plaintiff's intestate is dead, and that the fund deposited in his lifetime in the Fells Point Savings Institution of Baltimore, is still deposited there, and that no claimant or personal representative of the intestate Allen has, since May 1854, produced the certificate to the said savings institution as either received amongst his effects or held by endorsement, and shall further find that proper letters of administration have been taken out and granted to the plaintiff in this case, then he is entitled to recover as administrator of said Allen.

The defendant excepted to the refusal of its prayers, and to the instruction granted by the court, and the verdict and judgment being against it, appealed.

The cause was argued before Bartol, Goldsborough and Cochran, J.

*Jas. Malcolm* and *C. L. L. Leary*, for the appellant.

1st. The appellee's claim is barred by limitations:—the certificate is payable on demand, and limitations began to run from its date. 7 *H. & J.*, 14, *Ruff vs. Bull.* 9 *Pick.*, 490,

*Little vs. Blunt.* 13 *Wend.*, 267, *Wenman vs. Mohawk Ins. Co.*

2nd. The evidence shows that the certificate is in existence and in the possession of a third person, who is therefore *prima facie*, entitled to the fund. 4 *Ind.*, 522, *Bush vs. Seaton.* The court will therefore protect the defendant against the danger of being compelled to make more than one payment of the same debt, by requiring the plaintiff to produce the certificate or account for its non-production. This is the established rule, applicable to the negotiable notes and bills in the ordinary form. *Story on Prom. Notes, secs.* 106, 107, 108, 445, 446, 448. 7 *Barn. & Cress.*, 90, *Hansard vs. Robinson.* 3 *Cowen*, 303, *Rowley vs. Ball.* 2 *Hill*, 482, *Smith vs. Rockwell.* 3 *Wend.*, 344, *McNair vs. Gilbert.* 2 *G. & J.*, 508, *Glenn vs. Smith.* 10 *Johns.*, 104, *Pintard vs. Tackington.* That the certificate in question is a negotiable instrument, see 14 *Conn.*, 363, *Kilgore vs. Bulkley.* 2 *Hill*, 295, *Bank of Orleans vs. Merrill.* 13 *How.*, 218, *Miller vs. Austen.* But even if it be *non-negotiable*, still it is a written contract between the payee and the defendant, subject to the ordinary rules of construction, and as the return of the certificate is expressly stipulated in the contract, as a condition precedent to the payment of the fund, the plaintiff's right to recover is dependent upon its production. 5 *Duer*, 69, *Warhus vs. Bowery Savings Bank.* If these views are correct, the appellant's second and third prayers should have been granted.

3rd. The instruction given by the court is manifestly erroneous, not only as in conflict with the views above expressed, but for *assuming* the fact of the deposit of the money; for being confused, uncertain, and calculated to mislead the jury; and by leaving it to them, to find whether *proper letters* of administration had been granted to the plaintiff, a matter either of law for the court, or not inquirable into in this proceeding, by either the court or jury. 2 *H. & G.*, 49, *Raborg vs. Hammond.* 6 *Md. Rep.*, 112, *Cook vs. Carroll.*

Fells Point Savings Ins. of Balt. vs. Weedon, Adm'r of Allen.

*N. Williams* and *Wm. Schley*, for the appellee.

1st. Limitations do not apply. The money was payable on *demand* and *on return of the certificate*, and though the certificate is *dated* May 19th, 1854, no demand is shown to have been made by the intestate in his lifetime, nor was any made by the plaintiff until *after* he had received letters of administration, and as these letters bear date May 4th, 1855, and the suit was brought April 2nd, 1858, the *cause of action* necessarily accrued *within* three years before suit brought.

2nd. The second prayer rests simply upon the ground, that the certificate had not been lost or destroyed, and was *held* by some other person than the plaintiff, raising no question whether it had been endorsed or assigned, or whether the holder was a *bona fide* holder or not, or holder for value or not. The third prayer asserts, that the plaintiff could not recover *without producing the certificate to be cancelled.* These prayers were properly rejected. No holder could, *by possession of the paper,* without more, have any title to the money. 7 *G. & J.,* 468, *Lancaster vs. Baltzell.* 1 *Md. Rep.,* 504, *Hunter vs. Van Bomhorst.* The *actual production* of the paper at the trial is not necessary in all cases, and was not in this. *Byles on Bills,* 281, 285. *Chitty on Bills,* 268. *Smith's Merc. Law,* 270, and cases there cited. A party may go upon the original consideration, and show good cause for the non-production of the bond or note. 16 *Ves.,* 430, *Mossop vs. Eadon,* 4 *Bing.,* 273, *Rolt vs. Watson. Smith's Merc. Law,* 355 to 358. 10 *Adol. & Ellis,* 616, *Wain vs. Bailey.*

3rd. The fourth prayer is too general. 3 *G. & J.,* 369, *Penn vs. Flack.* 7 *Gill,* 343, *Wheeler vs. The State.*

4th. If the facts stated in the instruction of the court were found by the jury, then no other person than the plaintiff was entitled to the money, and as the defendant was liable to the person entitled, it was right to instruct the jury hypothetically, that the plaintiff, as administrator, was entitled to recover,

Fells Point Savings Ins. of Balt., *vs.* Weedon, Adm'r of Allen.

GOLDSBOROUGH, J., delivered the opinion of this court.

The appellee brought this action to recover the amount of a certificate of deposit, issued by the appellant to George F. Allen, alleging, in his declaration, appellant's indebtedness to appellee's intestate.

To the two counts in plaintiff's declaration, one for money had and received, the other, for money lent by plaintiff's intestate, the defendant pleaded three pleas: 1st, that it was never indebted as alleged; 2nd, the statute of limitations; 3rd, a special plea; to which the plaintiff demurred. The court passed no judgment on the demurrer.

By an agreement, filed in the cause, the question is submitted to this court, whether the appellee, as administrator, is entitled to recover the amount deposited in the hands of the appellant, without the actual production of the certificate at the trial, all mere formal defects in pleading and evidence being waived.

The exceptions to the evidence offered by the appellee being waived by the agreement mentioned, we proceed to consider the ruling of the court in rejecting the four prayers of the appellant, and the instruction given by it to the jury, which constitute the third exception.

The first prayer was, in our opinion, properly rejected. Though on a bill or promissory note, payable on demand, the statute of limitations runs from the date of the instrument, and not from the time of demand, (see *Byles on Bills*, 273, and the authorities there cited, also 7 *H. & J.*, 14,) this rule does not apply to the case before us. Here the certificate of deposit has attached to it a condition, that the amount deposited is payable *on the return of the certificate:* and the appellant is, in fact, resisting the recovery of the claim upon the ground, that this condition is not complied with.

The inducement for this deposit was, for the accumulation of interest, and the obligation of the appellant, stated on the face of the certificate, is to pay the principal when demanded, with interest:—upon such a contract the statute cannot be held to run, until the demand has been actually made.

Fells Point Savings Ins. of Balt., *vs.* Weedon, Adm'r of Allen.

The second and third prayers embrace, substantially, the same proposition, and controlled by the agreement above mentioned, will be considered together.

The certificate of deposit, in question, was so drawn, that the amount mentioned therein was payable to George F. Allen, *or order*, on demand. Such an obligation has been held *negotiable.* See 14 *Conn.*, 363; 2 *Hill*, 295; and 13 *How.*, 218. This last case was upon a certificate of deposit, similar, in its import, to the one in question. The Supreme Court say: "the established doctrine is, that a promise to deliver, or to be accountable for, so much money, is a good bill or note. Here the sum is certain and the promise direct. Every reason exists why the endorser of this paper should be held responsible to his endorsee, that can prevail in cases where the paper is in the ordinary form of a promissory note; and, as such note, the State courts generally have treated certificates of deposit payable to order." Viewing, therefore, this certificate as having the attributes of a negotiable promissory note, the appellant would have a right, upon demand of payment, to insist that the certificate should be produced, and delivered up, as its voucher of payment, and as its security against any future claim.

By the recent English authorities it seems to be settled, that where one is called on to pay a lost negotiable bill or note, the loss, and consequent non-production, constitute a good defence at law. See *Smith's Mercantile Law*, 356, and *note*. And the American authorities there cited, generally support the doctrine, that when an instrument is lost, upon which, either from its original character, or want of negotiabilty at the time of the loss, the debtor could set up any equitable defence against a subsequent *bona fide* holder, claiming title through the finder, the jurisdiction may be properly exercised at law, but *in all other cases*, the only remedy is in chancery. See, also, 3 *Cowen*, 303; *Story on Prom. Notes*, sec. 546.

The certificate of deposit involved in this suit, being shown by the evidence to be in the possession of a third party, that

party may, in the absence of proof, to show that it was not endorsed by Allen in his lifetime, have a legal right to demand the payment of it.  The appellant is; therefore, entitled to be protected against the danger of being compelled to make more than one payment of the same debt, by requiring the appellee to produce the certificate.

For these reasons we think that the second and third prayers of the appellant should have been granted.   The appellant's fourth prayer was properly rejected, as it is too general in its terms since the Act of 1825, ch. 117; see 5 *G. & J.*, 519. The instruction, given by the court, is not only objectionable, because it assumes that the fund was deposited there, by taking from the jury the finding of that fact, but it also puts to the jury to determine the character of the letters of administration, a question of law to be decided by the court.   The instruction is also defective in not declaring the law in terms explicit and intelligible to the jury upon the points raised by the counsel. See 6 *G. & J.*, 404.   2 *Md. Rep.*, 74.

> *Judgment reversed, with leave to*
> *appellee to take out procedendo.*

