# CARROLL BATES BLICK
## *vs.*
## JAMES M. COCKINS.

*Practice*: *removal of causes; discretion of Court. Promissory notes; demand notes; intention of parties. Non- residents: immunity from process or summons; parties litigant.*

Upon application made for the removal of a case it is within the discretion conferred by the Constitution for the Court to designate the tribunal to which the case should be transferred.

pp. 627-628

In general, a promissory note payable on demand is due immediately upon delivery; yet the rule does not apply where a different intention of the parties is apparent from the terms of the instrument itself or from the purpose and circumstances of the transaction.                    p. 630

Where a promissory note, payable on demand, provides for the contingency of its maturity at some future period on a fail- ure of the maker to furnish additional security, when desired by the payee, it is inconsistent with the theory that it was due from the time of its delivery.                    p. 631

A case had been originally brought in one of the Courts of Baltimore City; a *non pros* was entered and a new suit on the same cause was instituted in one of the counties; an applica- tion was made for the removal of the case, and the Court in compliance with the request of the other side ordered the case transferred to one of the other Baltimore City Courts; the request was made upon the ground that the plaintiff had come from California for a trial of the case and was anxious to have it tried at an early date, so that he might return home. Under the circumstances it was held that the Court showed a mani- festly sound exercise of judicial discretion, although the defend- ant had protested against such removal.                    p. 628

A non-resident came to Maryland not only as a plaintiff on a small promissory note, but also for defense against a counter suit for $15,000; which claim had been set up by way of a set-off. At the trial· of the suit the plea of set-off was withdrawn and a separate suit filed for that claim and summons served upon the non-resident; *it was held,* that under such circumstances the defendant in such separate suit was entitled to his immunity and that a motion to quash the order of summons was properly granted.    p. 634

*Decided December 13th, 1917.*

Three appeals from the Circuit Court for Anne Arundel County (BRASHEARS, J.), from the Court of Common Pleas of Baltimore City (SOPER, C. J.) and from the Superior Court of Baltimore City (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The three appeals being not only between the same parties, but also growing out of the same controversy, were, by agreement of counsel and the consent of the Court, argued together before BOYD, C. J., BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William J. Kennedy,* for the appellant.

*Louis J. Burger* and *George Weems Williams* (with whom was *L. Vernon Miller* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee sued the appellant in the Circuit Court for St. Mary's County to recover a certain balance of principal· and interest claimed to be due on two promissory notes set forth in the declaration. Upon the application of the plaintiff, the case was removed for trial to the Circuit Court for Anne Arundel County. In that Court the defendant filed a suggestion and affidavit for removal, whereupon an order

was passed removing the case to the Court of Common Pleas of Baltimore City.

At the trial of the case in the Court to which it was thus finally removed, the defendant proposed that a verdict be directed in his favor on the ground that there was no evidence legally sufficient to overcome the bar of the statute of limitations which he had pleaded. The trial Court refused to grant such an instruction.

During a recess which occurred in the course of the trial in the Court of Common Pleas, the plaintiff was served with a writ of summons in a suit which the defendant had entered against him in the Superior Court of Baltimore City. The writ in that case was quashed, on motion, because the person sought to be affected by the process was a non-resident of Maryland and at the time of the service of the writ was in this State solely for the purpose of prosecuting and testifying in his suit, then being tried, in the Court of Common Pleas.

The appellant seeks to have reviewed under a writ of error, the action of the Circuit Court for Anne Arundel County in designating against his objection the Court of Common Pleas of Baltimore City as the tribunal to which the suit pending against him should be transferred on his application for its removal. By an appeal from the judgment rendered against him in the Court of Common Pleas he has brought up for review the refusal of the Court, to which he excepted, to instruct the jury that recovery was barred by limitations. Another appeal questions the propriety of the action of the Superior Court of Baltimore City in quashing the writ served upon the non-resident appellee, in the appellant's suit against him, while he was present as a suitor in this jurisdiction.

The three appeals were argued together and we shall rule in one opinion upon the questions they present.

The order of the Circuit Court for Anne Arundel County transferring the appellee's suit against the appellant to another Court for trial was passed in pursuance of the appellant's own application for a removal, and the designation of the Court of Common Pleas of Baltimore City as the tribunal

to which the case should be sent was made in the exercise of an ample discretion conferred by the Constitution of the State. Const., Art. IV, sec. 8; *Weiskittle* v. *State*, 58 Md. 155. In *Atl. & George's Creek Consol. Coal Co.* v. *Md. Coal Co.*, 64 Md. 302, an appeal from an order changing, before transmission of the record, the tribunal to which the case should be transferred on an application for removal was dismissed on the ground that the matter was within the discretion of the lower Court and therefore not reviewable. It is urged in the present case that the action of the Circuit Court for Anne Arundel County in directing the case to be sent to the Court of Common Pleas of Baltimore City was an abuse of discretion, because the selection of the latter Court was made in compliance with the request of the appellee, and against the appellant's protest, and because the suit had originally been brought in one of the Baltimore City Courts where a judgment of *non pros* was entered upon the defendant's motion on account of his not residing and being amenable to suit in that jurisdiction. These objections are clearly inconclusive. It appears from the record that the appellant's proposal for the removal of the case from the Circuit Court for Anne Arundel County was made on the day assigned for its trial in that Court, and that the appellee, who had come from his home in California to be present and testify at the trial, requested the Court, through his counsel, to send the case to one of the courts of Baltimore City, as he would thus be enabled to have the case tried at a very early date and be relieved of the trouble and expense of making a second visit to Maryland for the trial. Under such circumstances the action complained of was a manifestly fair and sound exercise of judicial discretion.

One of the promissory notes sued on assigned by the appellant is in the following form:

"$2250.      Baltimore, Md., December 9th, 1907.

On demand, for value received, I promise to pay to James M. Cockins, or order, Two Thousand Two Hundred and Fifty Dollars, with interest, having deposited

with said James M. Cockins as collateral security for
the payment of this note Certificate No. 1109 for 29
shares and Certificate No. 1459 for 40 shares of stock
of The National Marine Bank, of Baltimore, Md.,
with such additional collateral as may, from time to
time, be required by said James M. Cockins, and which
additional collaterals I hereby promise to give at any
time on demand. If these additional collaterals be not
so given when demanded, then this note to be due;
and rebate of interest taken, shall be allowed on pay-
ment prior to maturity."

The collateral agreement in the note included also a power
of attorney to the payee to sell the collateral securities "on
the non-performance of the above promise" and without giv-
ing the maker "any notice or making any demand of pay-
ment." There was also a provision that the pledged securi-
ties might from time to time be exchanged for others by
mutual consent, and that if the maker of the note should
incur any other liability to the payee the proceeds of the
securities held as collateral should be likewise applicable at
his election to any such obligations.

A subsequent loan of $2,000 was made by the appellee to
the appellant for which the latter gave his promissory note
dated July 12, 1909, and payable one year after date. In-
terest was paid on the first note to December 9, 1910, and on
the second to July 12, 1912, the payments being made at
regular annual periods accounting from the respective dates
of the notes. Demand for the payment of the principal of
the notes and the interest in arrears was made on May 1,
1915. Upon default of payment and after further demands
and due notice the collateral securities referred to were sold
for the sum of $2,208, and the proceeds applied to the pay-
ment in full of the principal of the $2,000 note and to the
reduction of the principal of the $2,250 note to the extent
of a credit of $208.

In the pending suit for the balance of the principal of the
one note and for the interest in arrears on both, the only

exception reserved is to the refusal of instructions that the
plaintiff's cause of action accrued more than three years be-
fore the suit, and that there was no legally sufficient evidence
of a new promise, acknowledgment or partial payment effec-
tive to remove the bar of limitations, and that the verdict
should therefore be for the defendant.   The prayers thus
offered and rejected were based upon the theory that the
$2,250 note being payable on demand, and the $2,000 note
one year after date, the first was due immediately upon its
delivery in 1907, and the second matured according to its
terms in 1910, and that neither the interest payments, the
last of which occurred in 1912, nor the application of the
proceeds of the collateral securities, though made in 1915,
could have the effect of precluding the defense of limitations
to the suit brought on the notes in 1916.

There is a conflict of authority upon the question whether
the statute of limitations is removed by the application of the
proceeds of pledged securities upon the indebtedness to
which such a defense is pleaded.   The decision of that ques-
tion was not necessarily involved in the ruling under review.
The proposed instructions would have denied the plaintiff
any recovery whatever as against the plea of limitations,
while the greater part of his claim does not depend upon the
collateral credits to protect it from the operation of the stat-
ute.

It is clear from the terms of the $2,250 note that the par-
ties intended it to represent a continuing liability which
should mature only upon actual demand of payment, or upon
the failure to provide further collateral if required, which it
was agreed should have the effect of making the note due and
payable.   While the general rule is that a promissory note
payable on demand is due immediately upon delivery, yet
this rule does not apply when a different intention of the par-
ties is apparent from the terms of the instrument or the
purpose and circumstances of the transaction.   8 C. J., p.
407 and cases there cited; *Mudd* v. *Harper,* 1 Md. 114;
*Fells Point Savings Inst.* v. *Weedon,* 18 Md. 320.   In the

case last cited the cause of action was a certificate of deposit payable to the order of the depositor "on demand, and on returning this certificate." The plea of limitations was interposed on the theory that the certificate was due from the date of its issuance, the suit having been brought more than three years after that time. The Court held that the provisions in reference to interest, and as to the return of the certificate, as a condition of payment, excluded it from the ordinary rule that an obligation payable on demand is due immediately.

In the case before us the terms of the note, which was given for a loan, are wholly inconsistent with the theory that it was intended to become due and payable from the time of its delivery. It provides for the contingency of its maturity occurring at some future period as a result of the maker's failure to furnish additional securities when desired by the payee. It requires a rebate of interest in the event of the payment of the note prior to its maturity. These provisions, and that relating to the substitution of other collateral from time to time by mutual consent, clearly indicate the purpose of the parties that the note should not become due on delivery, but only upon default as to the agreement for additional security, or upon actual demand of payment, which in fact occurred within three years before the institution of the suit. There was consequently no error in the refusal of the prayers which sought to make the statute of limitations a complete bar to the plaintiff's recovery.

Before the appellee's suit against the appellant was removed from the Circuit Court for St. Mary's County. a plea of set-off was filed, claiming $15,000 from the plaintiff for services alleged to have been rendered by the defendant as his financial agent during the period of ten years from 1900 to 1909, inclusive. To this plea of set-off the plaintiff pleaded the general issue and limitations. After the removal of the case to the Circuit Court for Anne Arundel County it was brought to issue on the pleadings, rejoinders having been filed by the defendant traversing the plaintiff's plea of limitations to the

defendant's counter-claim, and averring further that the plaintiff, at and since the time of the accrual of the cause of action mentioned in the plea of set-off, was absent from this State. At the instance of the plaintiff's counsel the case was set for trial in the Circuit Court for Anne Arundel County on May 28, 1917. The defendant was given due notice of this assignment. Upon the case being called for trial on the day appointed the defendant filed the application for removal, already referred to, which resulted in the transfer of the case to the Court of Common Pleas of Baltimore City. Immediate notice was given by plaintiff's counsel of their intention to press for a trial of the case in the Court of Common Pleas on the earliest available day. They accordingly applied for and secured in that Court an assignment of the case for trial on May 31st, and of this the defendant's counsel were at once notified.

When the case was called for trial in the Court of Common Pleas the defendant was not in attendance. The trial proceeded in his absence but with his interests represented by his counsel. On the second day of the trial and during the morning session the defendant's plea of set-off was withdrawn. Earlier on the same morning a separate suit on the counter-claim had been brought in the Superior Court of Baltimore City, and the writ of summons issued in that suit was served during the recess of the Court of Common Pleas, as already narrated. The question is whether the appellee was amenable to the service of process in the new suit in view of his presence in the State at the time for the sole purpose of protecting his interests in the pre-existing litigation.

In *Long* v. *Hawken,* 114 Md. 234, it was decided that a non-resident defendant, who had come into Maryland in order to be present and testify at the trial of a suit against him in this jurisdiction, was exempt from process in another case during his attendance at the trial of the first action and for a reasonable time while coming and returning. It had previously been held that a non-resident *witness* is immune from suit while in this State for the purpose of testifying in one

of our courts. *Bolgiano* v. *Gilbert Lock Co.,* 73 Md. 132. The protection of such a rule, however, was denied in *Mullen* v. *Sanborn,* 79 Md. 364, to a non-resident plaintiff in an attachment on original process, who failed to maintain the action and was immediately sued by the defendant for damages sustained through the wrongful institution of that proceeding. The decision to that effect was based upon considerations arising from the special nature of the attachment and the liability of the bond on the strength of which the writ was issued. It was found to be unnecessary in that case to define the limits of the rule of exemption with respect to non-resident parties generally.

As ordinarily stated the rule is broad enough to include non-resident litigants without regard to their relative position as plaintiffs or defendants. While there are cases in which the rule has been held not applicable to non-resident plaintiffs, in most instances the decisions appear to disregard such a distinction. Notes to *Long* v. *Hawken,* 42 L. R. A. (N. S.) 1101; and *Mullen* v. *Sanborn,* 25 L. R. A. 721; and notes to cases reported in *Rix* v. *Sprague,* 52 L. R. A. (N. S.) 583; *Vaughn* v. *Bryd,* L. R. A. 1915 A. 694; and *Burroughs* v. *Cocke,* L. R. A. 1916 E. 1173; 32 *Cyc.* 492. The reason of the exemption is said to rest on grounds of public policy and the due administration of justice, which require, according to the theory of the rule, that parties should not be deterred from attending Court in another State, to protect their interests, through fear of being subjected there to the burden of new litigation. But there is force in the argument, which has prevailed in some of the cases collected in the L. R. A. notes we have cited, to the effect that a non-resident who voluntarily comes within a State to secure the affirmative benefit of its judicial authority, in his suit against one of its citizens, is not within the reason and policy of the rule of immunity, and is not entitled to its protection against reciprocal liability to suit by a resident.

In the case now before us the party who claimed and was allowed exemption from process occupied the dual position of

plaintiff and defendant with respect to the issues joined on the pleadings. The plea of set-off was in effect a declaration in a cross-suit, to which the original plaintiff sustained the relation of defendant. In his replication to the plea of set-off the plaintiff pleaded "precisely as he would to a declaration," in order to prevent a recovery against him by the opposite party. *Baer* v. *Robbins,* 117 Md. 225; 2 *Poe's Pleading & Practice,* sec. 825. When the appellee came here from California to attend the trial at the time appointed it was not merely to prosecute his suit for the balance due on promissory notes amounting, with interest, to about $3,000, but it was also for the important purpose of making defense against a counter-suit for $15,000. The latter object was defeated by the action of the defendant in withdrawing his plea of set-off in order to bring another suit in which he hoped to secure a later trial on the same issue. Under such conditions the appellee was entitled to the immunity he invoked and the motion to quash the writ of summons was properly granted.

In the first of the three cases we have thus considered together, which are Nos. 73, 85 and 86 on the docket of the present term, the assignment of error will be dismissed, and in the other cases the judgment and order, respectively, will be affirmed. As the record in No. 86 was at least double the requisite volume on account of the unnecessary incorporation at large against the appellant's objection of the transcript of proceedings in a Pennsylvania Court, relating to the same subject of litigation, we will direct the costs of the preparation and printing of the record on that appeal to be equally divided.

> *Assignment of error in No. 73 dismissed. Judgment in No. 85 affirmed, with costs. Order in No. 86 affirmed, with costs, except that each party shall pay one-half of the costs of the preparation and printing of the record.*