## SUPERIOR COURT OF BALTIMORE CITY.

Filed February 27, 1928.

---

ERNEST WATERS
VS.
EDWARD J. MAGUIRE, JR.

---

*Walter C. Mylander* and *Nathan Patz* for plaintiff.

*Edwin W. Wells* and *George Ross Veazey* for defendant.

FRANK, J.—

As a result of the decisions of the Court of Appeals, a non-resident of this State, while attending the trial of a civil suit in one of the Courts of this State, is immune from service of civil process, whether he be in attendance as a witness or as a party plaintiff or defendant. This immunity extends for a reasonable time prior and subsequent to the actual attendance upon the Court. Bolgiano vs. Gilbert Lock Co., 73 Md. 132. Long vs. Hawken, 114 Md. 234; 42 L. R. A. (N. S.) 1101. Blick vs. Cockins, 131 Md. 625. Minch & Eisenbrey vs. Cram, 136 Md. 122.

The decision in Mullen vs. Sanborn, 79 Md. 364, 25 L. R. A. 721, if not ac-

tually overruled by the later cases, at least must be confined to situations similar in their facts to the case then before the Court. There the non-resident plaintiff in an attachment upon original process while in attendance upon the trial of that suit was held to be subject to process in an action upon the bond given by him in the attachment proceeding. This decision was put on the ground that he had availed himself of the most drastic civil remedy granted by the Maryland law, as a prerequisite to the enjoyment of which he had to furnish the bond; that action upon the bond could be begun only after the termination of the attachment suit; that the policy of this State demanded that the injured defendant in the attachment suit should not be required to follow the non-resident plaintiff to another jurisdiction in order to avail himself of an action on the bond, the only remedy which the law provided for the redress of the injury which he may have suffered.

With this exception, the rule of immunity as first stated prevails in this State. It "is said to rest on grounds of public policy and the due administration of justice which require, according to the theory of the rule, that parties should not be deterred from attending Court in another State, to protect their interests, through fear of being subjected there to the burden of new litigation." Blicks vs. Cockins, supra, at p. 633 and other cases above cited.

In the case at bar, the defendant, a boy eighteen years of age, a resident of Brooklyn, New York, and a student at Georgetown University, was arrested and taken before the Traffic Court of this city, on a charge of failing to give the right of way in a collision in this city between the automobile that he was driving and a motor truck. He deposited $25 as collateral for his subsequent appearance at the trial in that Court. He drove to Washington to his school and returned to Baltimore for his trial, was convicted, paid the fine of five dollars imposed and returned to Washington. While in Baltimore, he was served with a summons in the present action brought upon a titling. He has appeared specially for the sole purpose of filing the present motion to quash the writ of summons.

1. The question thus presented is as to whether or not the common law

immunity from service of process in the case of those in attendance as witnesses or suitors, upon a civil suit or as witnesses in criminal cases, exists likewise in behalf of one in attendance upon the trial of a criminal proceeding against himself, such attendance having been assured by the deposit of collateral at the time of his prior arrest. This question has never been passed upon by the Court of Appeals. so far as I am advised, although it was adverted to, though not discussed or answered in the case of Guerreni vs. Sainsbury, 139 Md. 246.

Upon this question, the authorities elsewhere are in hopeless conflict. Many of them are collected in notes in 27 L. R. A. (N. S.) 333; 51 L. R. A. (N. S.) 332; 14 L. R. A. 771, 783; 40 A. L. R. 93; 46 A. L. R. 316. It would involve too great an expenditure of time and space to discuss them in detail.

The Federal Courts and those of Arkansas, Iowa, Michigan, Nebraska, New Jersey, South Carolina, West Virginia and Wisconsin extend the rule of immunity to a non-resident defendant in a criminal case. The highest Courts of Connecticut, New York, North Dakota, North Carolina, Georgia and lower Courts in Missouri and Pennsylvania deny such immunity.

The rule of immunity is stated in 21 R. C. L. 1313, as follows: "As to nonresidents charged with crime, or brought within the jurisdiction of the Court by compulsory process, the general rule seems to be that they are exempt from the service of civil process while coming into the jurisdiction, while necessarily in attendance on the Court, and while returning to their place of residence, provided no unnecessary delay occurs in returning." And the same rule is held to apply where the defendant appears voluntarily. Whether the defendant appears because he has entered into a recognizance, as in the case under consideration, or because his attendance might be enforced by extradition proceedings or he appears voluntarily seems to make no difference in the view of these authorities. Church vs. Church (App. D. C.), 14 A. L. R. 769.

The reason underlying this rule has been thus stated: "Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the administration of justice would in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the Court." Halsey vs. Stewart, 4 N. J. L. 366, quoted in Church vs. Church, supra. This is substantially in accord with the reasoning above reproduced from the opinion of our own Court of Appeals in Blick vs. Cockins. supra.

The reasons generally given for the contrary rule as distinguishing the rights of the defendant in a criminal proceeding from those of parties and witnesses in civil proceedings is that in the latter the appearance of the parties is purely voluntary, while in the former defendant's attendance could be enforced by extradition or otherwise. 14 A. L. R., p. 772 b.

The appearance of a non-resident defendant in a civil proceeding to defend his rights therein can in no real sense be said to be voluntary. The defendant here by forfeiting the twenty-five dollars collateral deposited by him to secure his appearance in a case involving a five dollars fine, might have avoided the actual necessity for appearing in Baltimore. His appearance was in reality as voluntary as that of the defendant in the civil action just stated. The Court of Appeals in the decisions above cited conclusively holds such defendant in a civil case immune from civil process. Indeed, the Court had greater difficulty in extending immunity to the voluntarily appearing plaintiff than to the defendant brought into Court by compulsory process. Long vs. Hawken, 114 Md., p. 236, &c. Blick vs. Cockins, 131 Md. at pp. 633, &c. Minch & Eisenbrey vs. Cram, 136 Md. at p. 126.

With profound respect for the learned Courts that have held to the contrary, I have reached the conclusion that the view extending immunity from civil suit to the defendant while in

674

attendance upon criminal proceedings against him is supported by the weight of the best considered authority. It is in the interests of sound public policy that a non-resident charged with crime in Maryland should not be required, as the price of being permitted to defend himself, to waive his right to be sued in his own State. Until our Legislature, following the example of Massachusetts, New Jersey and possibly other States, shall declare that the policy of this State demands that parties to automobile accidents happening in this State shall litigate their differences here (Hess vs. Pawloski, 274 U. 352; 71 L. Ed. 1091; Wuchter vs. Pizzotti, U. S. Sup. Ct., decided February 20, 1928), the rule of policy above stated should in my opinion be given effect.

II. After paying his fine in the Traffic Court, defendant, a boy of eighteen years, went to the offices of the Clerk of the Superior Court and the Sheriff with plaintiff's counsel, at the request of the latter. He was served with process in the Sheriff's office. His testimony discloses that he did not understand fully the nature of the procedure to which he was a party. He did not have the benefit of any independent advice. Plaintiff's counsel acted with complete propriety, but I have not been able to conclude that defendant had sufficient knowledge and understanding of what was happening to justify a holding that his conduct amounted to a waiver of his immunity.

The motion to quash the writ of summons is granted.