## KENYON v. YOUNGMAN.
### No. 4947.

Court of Appeals of District of Columbia.
Argued March 7, 1930.
Decided April 7, 1930.

Edwin L. Wilson, of Washington, D. C., for appellant.

Wm. B. Wolf and Fulton Brylawski, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District sustaining the demurrer of the appellee to appellant's declaration seeking recovery upon a promissory note payable to appellant's order "upon demand after date." The ground of the demurrer and ruling of the court was the running of the statute of limitations, action having been begun more than three years after the date of the note.

The judgment was entered on February 4, 1929, from which appellant noted an appeal. Thereafter, on February 12, 1929, appellant filed a motion to set aside the judgment and grant a rehearing upon the ground that the defense of the statute of limitations should have been raised by plea and not by a demurrer. The action of the court in overruling this motion is here assigned as error.

It is settled law in this jurisdiction that the action of the trial court in granting or refusing a new trial is not reviewable, unless there has been an abuse of discretion. Fitzgerald v. Dodson, 58 App. D. C. 150, 26 F.(2d) 522; Fitzgerald, etc., Co. v. Fitzgerald, 137 U. S. 98, 11 S. Ct. 36, 34 L. Ed. 608; Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010. The question not having been raised until after judgment, there was no abuse of discretion on the part of the trial court in refusing to reopen the case.

Appellant contends that "it has always been recognized in this jurisdiction that the statute of limitations does not begin to run on a demand note until demand is actually made, or, if no demand be made, then within a reasonable time after its date within which demand should have been made." In support of this contention appellant cited Lee v. Cassin, 2 Cranch, C. C. 112, 15 Fed. Cas. page 146, No. 8,184. The opinion of the court in that case was as follows:

"The court * * * was of opinion that on a note payable on demand, the cause of action does not accrue so as to make the statute of limitations begin to run until a demand be made. That the removal of the defendant from Massachusetts, before the cause

of action accrued, was a bar to the statute of limitations of Massachusetts; and the replication that the plaintiff was beyond seas, was a bar to the statute of Maryland."

It is not clear that the question whether the statute would commence to run until after demand was involved. The court ruled that the action was not barred under the law of Massachusetts, where the contract was made and where all the parties resided, because of the subsequent absence of the defendant from the state; and that it was not barred under the statute of limitations of Maryland because the plaintiff had never been within the jurisdiction of that state or the District of Columbia. Moreover, the question was not discussed by the court, nor were authorities cited. We therefore feel at liberty to determine whether the expression of opinion by the court was correct.

Under the great weight of authority in this country and in England, a promissory note payable on demand is a present debt, payable without any demand, and the statute begins to run from its date. McMullen v. Rafferty, 89 N. Y. 456, 458; Shutts v. Fingar, 100 N. Y. 542, 3 N. E. 588, 53 Am. Rep. 231; Sanford v. Lancaster, 81 Me. 434, 438, 17 A. 402; Citizens' Sav. Bank v. Vaughan, 115 Mich. 156, 159, 73 N. W. 143; Darby v. Darby, 120 La. 847, 45 So. 747, 14 L. R. A. (N. S.) 1208, 14 Ann. Cas. 805; In re German-American Improv. Co. (C. C. A.) 3 F. (2d) 572, 575; Norton v. Ellam, 2 M. & W. 461, 150 Reprint 839; 8 C. J. 406, § 602. But this rule does not apply where a different intention of the parties is apparent from the terms of the instrument. Blick v. Cockins, 131 Md. 625, 630, 102 A. 1022.

Appellant insists that the words "on demand after date" indicate that the parties did not intend that the note should be due immediately. The courts have held to the contrary. In Hitchings v. Edmands, 132 Mass. 338, it was held that a "promissory note payable 'on demand after date' is not a note 'payable on time,'" but one "on which an action could have been brought immediately after it was given, without any demand." O'Neil v. Magner, 81 Cal. 631, 22 P. 876, 15 Am. St. Rep. 88; Fenno v. Gay, 146 Mass. 118, 15 N. E. 87; Daniel, Neg. Inst. (4th Ed.), § 1215.

We perceive no reason why the almost universal rule should be departed from in this jurisdiction, and, therefore, affirm the judgment, with costs.

Affirmed.