George **ADRIAN**, Appellant,

v.

**AMERICAN SECURITY & TRUST COMPANY**, Appellee.

No. 3703.

District of Columbia Court of Appeals.

Argued May 24, 1965.

Decided July 8, 1965.

Rehearing Denied Aug. 6, 1965.

William E. Cumberland, Washington, D. C., with whom Donald Cefaratti, Jr., Washington, D. C., was on the brief, for appellant.

John Jude O'Donnell, Washington, D. C., with whom J. Roy Thompson, Jr., and Thomas H. McGrail, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On July 16, 1958, appellant, Miss George Adrian, opened a savings account with appellee, American Security & Trust Company, depositing $9,000, and shortly thereafter withdrew $2,000. On August 21, 1958, at her request, the bank issued to her its Treasurer's check for $7,000 to close the account. This check, unendorsed by appellant, was presented to and paid by the bank on September 5, 1958. It had no knowledge that there was any question regarding the negotiation of this check until August 1963 when appellant, thinking she had lost the check, made inquiry to the bank. On September 12, 1964, after appellee had refused her demand for payment, appellant filed suit for $9,000,[1] alleged to be the damages sustained by her as a result of the negotiation of her check without her endorsement. The trial court granted a motion to dismiss filed by the bank, ruling that appellant's cause of action was barred by the Statute of Limitations. From this dismissal, this appeal was brought by Miss Adrian.

The primary question dispositive of this appeal is when did the three-year limitation bar institution of any proceeding against the bank. Appellant argues that her cause of action did not arise until August 1963 when she first ascertained she no longer possessed the Treasurer's check and that

---

1. Appellant, in asking damages in this amount, apparently did not recall that she had earlier withdrawn $2,000.

it had been paid to another person. The bank, on the other hand, contends the statute began to run on September 5, 1958, when the check was presented and paid.

Appellant concedes she is not suing upon the instrument as the check is obviously barred by the Statute of Limitations.[2] She does contend, however, that appellee, although not guilty of actual fraud, did commit constructive fraud by the ngeligent payment of the check proceeds to an alleged unauthorized person.

 Even if the bank did negligently cash the check and deliver the proceeds to some unauthorized person, the injury or damage sustained by appellant occurred at the time of presentment and not five or more years later when she discovered the check was missing. Mere want of knowledge on her part did not prevent the running of the statute. Even concealment or silence is not enough absent some trick or connivance by the bank to exclude a suspicion or to prevent discovery of the right of action by use of ordinary diligence by appellant. Therefore, unless she could establish actual fraud or wilful concealment by the bank with intent to deceive her, which appellant does not claim here, the Statute of Limitations would start to run from the time the alleged wrongful act was in fact committed.. Poole v. Terminix Co. of Md. & Wash., D.C.Mun.App., 84 A.2d 699, 701 (1951), aff'd 91 U.S.App.D.C. 287, 200 F.2d 746 (1952). As the complaint in the present case was filed more than three years after the date of the alleged wrongful negotiation of the check, appellant's right of action was barred by the statutory limitation.

Having upheld the bar of the Statute of Limitations to appellant's claim, we do not reach the question of laches.

Affirmed.

---

2. 12 D.C.Code, 1961 § 301(7)–(8) (Supp. IV 1965). Since appellant relies upon negligence and/or fraud as grounds for recovery of damages, we find it unnecessary to decide whether appellant treated the Treasurer's check as a promissory note or as a bill of exchange. The Statute of Limitations clearly bars any suit predicated upon either type of instrument. Kenyon v. Youngman, 59 App.D.C. 300, 40 F.2d 812 (1930); Unsinn v. Wilson, 109 U.S.App.D.C. 193, 285 F.2d 273 (1960). Appellant's counsel concedes that three years is a reasonable period for presentment.