587 A.2d 580

John S. KARLTON

v.

Albert S. JENKINS.

No. 708, Sept. Term, 1990.

Court of Special Appeals of Maryland.

March 28, 1991.

Stewart P. Hoover (Bryan D. Bolton and Shapiro and Olander, on the brief), Baltimore, for appellant.

Glenn E. Bushel (Brocato, Price & Bushel, P.A., on the brief), Baltimore, for appellee.

Argued before BISHOP, GARRITY and ROBERT I.H. HAMMERMAN (Specially Assigned), JJ.

ROBERT I.H. HAMMERMAN, Judge, Specially Assigned.

Appellant, John S. Karlton ("Karlton"), and appellee, Albert E. Jenkins ("Jenkins"), had a business relationship between them in early 1985. Jenkins was employed by Karlton to act as a wholesaler for the purpose of raising money for Karlton's real estate limited partnerships.

On February 15, 1985, Jenkins approached Karlton in Karlton's office in New York City and explained to Karlton that he was having financial problems and asked Karlton for a loan. Karlton immediately agreed and on that day gave a check to Jenkins in the amount of $15,000.00, saying to Jenkins "pay me back when you can. It appears to me that you're going to have a good future with us. You should be able to make money. Pay me back when you can." Also on the same day Karlton mailed to Jenkins a promissory note dated February 15, 1985, and Jenkins executed the note on February 21, 1985. In the space marked "Due Date" the note stated "ON DEMAND".

On June 14, 1985, Karlton sent a letter to Jenkins confirming an earlier conversation between them where Jenkins had voiced concern about his ability to pay back the note. Karlton stated in his letter that he would not ask for payment right away, and that in fact, no demand would be made prior to February of 1986. The letter stated, "We have agreed that even though the note is a demand note, no demand would be made for at least one year from the time that I lent you the money."

On July 7, 1988, Karlton wrote a letter to Jenkins demanding payment. Jenkins received this letter on July 14 and on that day wrote back to Karlton denying liability.

On September 26, 1988, Karlton filed suit in the Circuit Court for Baltimore County to recover on the note, and a court trial was held before The Honorable Alfred L. Brennan, Sr. At the end of Karlton's case on January 29, 1990, Jenkins moved to dismiss on the ground that the statute of limitations was a bar to Karlton's claim. Judge Brennan granted the motion, stating that, viewing the case "in the light most favorable to the plaintiff", the note was payable on demand, that suit had been filed more than three years after the making of the note, and that no facts existed which took the case out of the general rule set forth in *Young v. Mayne Realty Co.*, 48 Md.App. 662, 666, 429 A.2d 296 (1981), that a "note payable on demand is payable immediately without demand," and that limitations "begin to run on the day of execution of such an instrument."

## Discussion

We agree with the trial judge's statements of the general principles concerning the statute of limitations as it affects demand notes. We do not however, agree with the judge's conclusion that Karlton's evidence, taken in the light most favorable to him, does not give a basis for an exception to the general rule that the statute begins to run on the date of the execution of the instrument, February 15, 1985 here.

The seminal cases in this regard are *Fells Point Savings Institution v. Weldon*, 18 Md. 320 (1862), and *Blick v. Cockins*, 131 Md. 625, 102 A. 1022 (1917). These cases stand for the proposition that the general rule is just that—general—and thus exceptions are recognized. *Blick* tells us, at page 630, 102 A. 1022, that "this rule does not apply when a different intention of the parties is apparent from the terms of the instrument or the purpose and circumstances of the transaction." Thus, we are allowed to examine not only the words of the instrument itself but "the purpose and circumstances" as well.

■ Again, looking at the evidence in the light most favorable to Karlton, and recognizing that his evidence is uncontradicted, we see that the circumstances of the loan were the extreme financial difficulties of Jenkins at the time, the pressures on him from the Internal Revenue Service, at least an implicit understanding that Jenkins could not repay the loan immediately and thus the "pay me back when you can" words heretofore referred to, which also show the anticipation that the parties would have an enduring and fruitful relationship. We add to this Karlton's letter to Jenkins of June 14, 1985. The totality of these circumstances, standing uncontroverted, is sufficient, if believed, to provide an exception to the general rule.

The substance of Jenkins' retort to the *Blick* and *Fells Point* cases is that they present a factual posture different from the instant case. This they do—but an examination of these cases shows that the exception principle enunciated applies to an unlimited number of factual scenarios and is in no way limited to the facts of those respective cases.

Although not part of his argument, *per se*, Jenkins suggests in his Statement of Facts that although Karlton asserts the loan to be a personal one, his letter of June 14, 1985 was on a corporate letterhead and that other facts as well may show that the loan might be more corporate than personal. In the present posture of the case, this suggestion is not persuasive. Jenkins also argued in this appeal that his testimony would be that he never in fact received the letter of June 14, 1985. All of these matters can be determined in a trial on the merits.

JUDGMENT REVERSED: CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR TRIAL.

COSTS TO BE PAID BY APPELLEE.