Wilde J.
afterward drew up the opinion of the Court. Two questions are raised by these pleadings. The first is, whether the original cause of action was barred by the statute of limitations ; and if so, then, secondly, whether this action can be maintained on the new promise made in 1822.
As to the first question, it seems to us very clear that the statute of limitations is a good bar to the original cause of action. If the defendant was within the Commonwealth at the time the action accrued, it is admitted that the action should have been brought within six years from that time. The notes are all payable on demand, and the precise and simple question is, at what time an action accrues on a note of hand payable on demand, and m money. The answer is, that it accrues imme *499 diately after giving the note ; so that the statute begins to run from the date. An action accrues to a party whenever he has a right to commence it. On every promise therefore to pay money on demand, whether express or implied, an action accrues immediately after the promise. Thus on a demand for goods sold, money paid, or for labor and services performed, an action lies immediately, and so the statute begins to run from the delivery of the goods, payment of the money, or performance of the services ; and where a promissory note for money is payable on demand, the statute runs from the date of the note ; and so are all the authorities.[1] Wilkinson on Lim. 45 ; Collins v. Benning, 12 Mod. 144. In the case of Powell v. Pierce, as reported in Wilk. on Lim. 110, the defendant pleaded non assumpsit infra sex annos to an indebitatus assumpsit, and the plaintiff demurred, because the plea should have been non assumpsit infra sex annos after demand. But the court held, that an indebitatus assumpsit shows a debt due at the time of the promise, and, therefore, the plea was good ; but if the promise had been of a collateral thing, which would create no debt till demand, it might be otherwise, and it is clear that where no action will lie without a previous demand, — as on a promise to deliver goods on demand, —or to perform some service, — or to pay money in a limited time after a demand or request, — in all such cases no catise of action accrues until after a demand made ; and the statute of limitations will begin to run from the time of the demand, and not from the time of the promise.[1] This distinction is obvious, and will reconcile all the cases. The plain intention of the statute was to allow six years to a creditor, within which he is to commence his action ; and this period commences the instant he can by law maintain an action, and no act is required to be done before the suing out of the writ; or in other words, an action accrues to a party whenever he has by law a right to commence it, and from that time the statute begins to operate.[2] In the computation of the six years, *500 the day on which the cause of action accrued is always incluá e^’ an<^ t^ie reason given is, because an action might have been commenced on that day. Presbrey v. Williams, 15 Mass. R. 193. Now it is clear that the defendant was liable to be sued on each of the notes immediately after it was given ; and on that day, therefore, the cause of action accrued ; and consequently the original cause of action is barred by the statute.
Then can this action be maintained on the new promise ?
In the replication to the plea to the fourth, fifth and sixth counts, it is averred that this new promise was made on the 17th of April, 1822, that always afterwards, viz. from the 17th of April, 1822, to the date of the writ, the defendant had been absent from the Commonwealth, and that he had no property within the State that could by ordinary process be attached. If the defendant had been living within this State at the time this new promise was made, an action no doubt would lie at any time within six years after, and the statute would not operate as a bar. If the defendant in such a case had pleaded, that the cause of action did not accrue within six years before the commencement of the action, the plaintiff might reply that it did ; and the new promise would support the affirmation of the issue. The reason is, that the new promise is regarded as a new cause of action upon which the statute operates in the same manner, and for the same period of time, as it did before on the original cause of action. Or it may be considered that the original cause' of action is revived, and the statute again commences its operation ; and this operation is limited by all the exceptions contained in the statute. Indeed the new promise is essentially a new cause of action. In the present case, before the promise in 1822 these demands had been long barred by the statute.
If the debt remained, the remedy was gone; and there was no subsisting cause of action. The new promise therefore was a new cause of action, for without it there was no cause of action.[1] That alone gave the remedy. There was a sufficient *501 consideration for this promise. A debt barred by the statute of limitations is a good consideration for an express promise. But it is not necessary to declare on the new promise. According to the established rules of pleading, the plaintiff had a r ight to declare on the original promise ; and when the statute of limitations was pleaded, he might reply the new promise. When the pleadings assume this shape, the original promise is apparently the cause of action, but it is the new promise alone that gives it vitality; and that substantially is the cause of action. It was held in the case of Pittam v. Foster et al. 1 Barn. & Cressw. 248, that the acknowledgment of the debt in that case was evidence of a fresh promise ; and would not draw down the original promise to the time when the acknowledgment was made.
The same decision was made in the case of Ward v. Hunter, 6 Taunt. 210, and in the case of Green v. Crane, 2 Ld. Raym. 1101, and in Sarrell v. Wine, 3 East, 409. But these were exceptions to the general rule. By the English cases it is settled, that if an action is brought for or against an executor after the lapse of more than six years from the death of the testator, on a promise made by or to the testator, and a new promise made by or to the executor is relied on to take the case out of the statute of limitations, the plaintiff cannot declare on the original promise. So in the case of Pittam v. Foster et al. the plaintiff declared on a promissory note made by Foster and Mary Norris, dum sola. The defendants pleaded actio non accredit infra sex annos, and the plaintiff relied on an acknowledgment of the debt by Foster within six years. But it appearing that Mary Norris had been married more than six years before the action was brought, the court held that the evidence of the new promise did not support the issue. This was certainly yielding very far to a technical difficulty ; a difficulty too which is not very obvious, for by the pleadings, the time when the action accrued was put in issue, and not the time of the promise. And it is hard to reconcile this case to the principles laid down by the same court, soon after, in the case of Thornton v. Illingworth, 2 Barn. & Cressw. *502 824. In that case Bayley J. says, ct The ground on which the statute proceeds is, that after a certain time it shall be presumed that a debt has been discharged. A new promise rebuts that presumption, and then the plaintiff recovers, not on the ground of having a new right of action, but that the statute does not apply to bar the old one.” Holroyd J. says, that where the statute has run, a new promise revives the debt ab initio. And Littledale J. observes, “ that an acknowledgment admits the perpetual existence of the debt; and therefore it suffices, whether it is made before or after the bringing of the action.” The same principles are recognized in the case of Colledge v. Horn, 3 Bingh. 119. Upon this construction of the statute, which is supported by the current of the authorities, ancient and modern, (2 Stark. Ev. 892 ; Blanchard on Lira 118,) I cannot perceive the technical difficulty in the case of Pittam v. Foster et al., and in those relating to executors. The same construction has been given to the statute by this Court, and the practice always has been to declare w the original promise. Baxter v. Penniman, 8 Mass. K. 133 ; Fiske v. Needham, 1 V Mass. R. 452 ; Brown v. Anderson, 13 Mass. R. 201. And an acknowledgment by the executor or administrator of the debtor, that the debt is undischarged, will take it out of the statute of limitations, whether the creditor be living or not at the time of the acknowledgment. In such case it is not necessary to declare on the implied promise of the executor or administrator, and such an implied promise could not be supported on the ground of a new consideration, as an independent substantive promise ; for a debt barred by the statute of limitations is not a good consideration for an implied promise. The promise is implied from the original consideration ; and in such a case it seems necessary to declare on the original promise. But although this seems the proper form of declaring, yet the new promise, whether express or implied, actually gives the remedy, and is substantially the cause of action. It cannot be denied that'the statute attaches to it, or commences again to run, whether it is construed as a substantive promise, or as only reviving the original debt The only question therefore is, whether the statute will commence again to operate when a case is brought within one of its exceptions ; *503 and we think very clearly that it will not. The statute did not begin to run until the defendant came within the jurisdiction of the courts of this Commonwealth, and there seems to be no distinction in this respect between an original promise, and a new promise made after the remedy on the first promise was barred. When the new promise was made in 1822, a new cause of action accrued, whatever may be the form of the declaration. The defendant was then out of the Commonwealth, and he continued absent until the commencement of this action, which brings the case within one of the exceptions of the statute.[1] As this new promise is subject to the limitation, so must the limitation be subject to the exception.
The defendant is clearly liable to an action on the new promise, and the statute could not. be pleaded in bar. Or the plaintiff might amend by transferring the averments in the replication to the declaration, and setting forth the original cause of action as the consideration of the new promise. But there is no reason for turning the plaintiff round to a new action, or to require him to amend the declaration. The form of the pleadings cannot vary the construction or operation of the statute. We must regard substance rather than form, and substantially the new promise is the cause of action, whatever may be the form of the declaration.
Judgment for plaintiff on fourth, fifth, and sixth counts.

 See Chitty on Contr. (4th Am. ed.) 636 a; Ruffv. Bail, 7Har. & Johns. 14 ; Darnall v. Ml Gruder, 1 Har. & Gill, 439.

 Unless, however, the demand is made within a reasonable time, the plaintiff will not be entitled to relief in equity. Codraan v. Rogers, 10 Pick. 112

 Where bills of exchange are made payable at a particular place, no ación can be maintained until after a demand at that place and a dishonor *500 there. Therefore the statute of limitations begins to run from the time of such demand, and not from the time when the bills were made payable ac cording to their tenor. Picquet v. Curtis, 1 Sumner, 478.

 See Chitty on Contr. (4th Am. ed.) 641; Bell v. Morrison, 1 Peters, 373, *501 St aright v. Craighead, 1 Pennsylv. R. 135; Exeter Bank v. Sullivan, 6 N. Hamp. R. 134 ; Cady v. Shepherd, 11 Pick. 408.

 This exception embraces those who were never resident in the Common wealth. Sissons v. Bicknell, 6 N. Hamp. R. 557; Little v. Blunt, 16 Pick 359; Byrne v. Crowninshield, 1 Pick. 266, note 1; Bulger v. Roche, 11 Pick. 39 40.