## SAMUEL NEWMAN *versus* JONATHAN B. KETTELLE *et al.*

A promissory note payable on demand but not to draw interest during the life of the promisor, will support an action brought upon it immediately after it is given; consequently the statute of limitations begins to run against it from the date, and not from the time of the promisor's decease.

Where a promissory note is payable " on demand with interest after four months," payment may be demanded immediately; and extrinsic evidence cannot be received to show that a demand was not to be made until after the expiration of the four months. *See note.*

ASSUMPSIT brought by the plaintiff as the executor of John Stickney against the defendants as the executors of William Noyes, upon the following note :— " Newburyport, May 2, 1811. I promise to pay to John Stickney or order the sum of one thousand dollars on demand ; it being for moneys received from the estate of Capt. Enoch Stickney ; this note not to draw interest during my life. William Noyes." Pleas, the general issue, and *actio non accrevit infra sex annos.*

On the trial, before *Shaw* C. J., the execution of the note was admitted, and it was also admitted that Noyes died a few weeks before the commencement of this action.

On the part of the defendants it was contended, that the statute of limitations began to run at the date of the note, and of course, that it was long since barred. The plaintiff contended that the statute did not begin to run till the death of the promisor, and so, that the note was not barred.

A verdict was taken for the plaintiff by consent ; but if the Court should be of opinion that the action was barred by the statute of limitations, the verdict on the second issue was to be altered and to stand as a verdict for the defendants.

*Nov. 10th.* *Marston,* for the defendants, cited *Loring* v. *Gurney,* 5 Pick. 15 ; *Little* v. *Blunt,* 9 Pick. 488.

*Cusning* and *Le Breton,* for the plaintiff, cited *Heywood* v. *Perrin,* 10 Pick. 230.

*April term, 1833.* WILDE J. drew up the opinion of the Court. Whatever may have been the actual intention and understanding of the parties to the contract in question, their rights and

liabilities must be determined by its terms as reduced to writing. It is a note of hand signed by the defendants' testator, payable in cash, and on demand, but it was not to draw interest during the life of the maker ; and it is con tended by the defendants' counsel, that the clause relating to interest was intended to limit and control the generality of the words " on demand." It may have been so intended, but the intention is not expressed with sufficient certainty to control the express terms of the promise. It has been frequently held, that a promissory note payable on demand, with interest after a limited term, was due presently, and would support an action brought before the expiration of the term limited. *Loring* v. *Gurney*, 5 Pick. 15 ; and this note cannot be distinguished from notes of that description. *

We are therefore of opinion that an action might have been well sustained immediately after the note was given, and consequently this action is legally barred by the statute of limitations : so that according to the agreement of the parties, the verdict on the second issue is to be altered, and stand as a verdict for the defendants.

Newman
*v.*
Kettelle.

---

* The following decision was made at March term 1825, in Suffolk.

*Ebenezer Wright et al.* v. *Charles D. Fisher.* Assumpsit on a promissory note payable " on demand with interest after four months." The note was dated on the 10th of May 1824, and the action was commenced on the 8th of the ensuing September.

The action was defended, pursuant to *St.* 1823, c. 142, by certain creditors of the defendant, who contended at the trial, that the note was capable of two constructions; by one, it was payable on demand, with interest to be computed from the expiration of the four months; by the other, it was payable on a demand to be made after that term ; and they offered collateral evidence to show that the latter was the true construction. The judge who tried the cause was of opinion that the note was payable on demand, so that the action was not commenced prematurely, and he rejected the evidence. A default was entered, subject to the opinion of the whole Court.

The cause was argued by *L. Shaw* and *B. Sumner* for the defendant, and by *Morey* for the plaintiff.

*Parker* C. J. said the Court were of opinion that there was no ambiguity in the note, and that the extrinsic evidence was rightly rejected. The meaning of the note is, that it should be paid on demand, but that if it should lie four months without any demand, interest should then begin to accrue.

*Judgment for the plaintiff.*