## No. 1855.—J. M. WARDWELL *v.* JACOB STERNE.

A due bill, containing an unconditional promise to pay money, falls under the denomination o promissory notes, and is prescribed by five years.

APPEAL from Fourth District Court of New Orleans. *Théard*, J. *Breaux & Fenner*, for plaintiff and appellee. *D. C. Labatt*, for defendant and appellant.

TALIAFERRO, J. This suit is brought upon an instrument written in these words:

"Due to Moses Steinbin or bearer, fourteen hundred and sixty dollars, for value received, with ten per cent. interest.

"JACOB STERNE."

"JEFFERSON, February 10, 1861."

After an answer containing a general denial, and setting up several grounds of defense, the defendant filed a peremptory exception, pleading the prescription of five years in bar of plaintiff's demand. The plaintiff had judgment in his favor, as prayed for, and the defendant has appealed.

A bill of exceptions was taken by defendant to the admission by the court of certain testimony offered by plaintiff, and which had been taken under commission in the State of Texas. The objection was, that the testimony offered was not authenticated in the manner required by law; that the capacity of the justice of the peace before whom it purports to have been taken is only certified by a person subscribing himself as county court clerk of the county of Marion. The objection, we think, should have been sustained. 4 L. 119, 5 L. 265.

It has been frequently held by this court that the Governor's attestation under the great seal of the State, is the best evidence of a justice's capacity, next to his commission. See 13 L. 362; 10 R. 456; 14 An. 795. It is argued by the plaintiff that the instrument sued on in this case is not subject to the prescription of five years, not being a promissory note; and he refers to the case of Garland v. Scott, 15 An. 143. The form of the written act sued upon in that case is similar to the one [now before the court, but it differs essentially from it in this respect, that it does not contain the words " or order " " or bearer," and is not a negotiable instrument. True, the court there said that the instrument sued on was not a promissory note, and that, not containing on its face an express promise to pay money, it was a mere acknowledgment of a debt, leaving the law to imply the promise from the acknowledgment of indebtedness. But the instrument sued on in this case is a negotiable due bill, and we think the settled doctrine is, that a negotiable due bill is a promissory note. Parsons on Bills and Notes, vol. 1, pp. 25, 26.

In reference to the plea of prescription, the article 3505 of the Civil Code reads: " Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, are prescribed by five years, reckoning from the day these engagements were payable;" and by statute of fifth of March, 1852, " all promissory notes, whether the same be negotiable or otherwise, shall be prescribed by five years."

The prescription is applicable in the present case, and no interruption of prescription being shown, the action is barred.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that judgment be rendered in favor of the defendant, the plaintiff and appellee paying costs in both courts.

Chief Justice Ludeling and Justice Howell absent.