(45 South. 747.)

No. 16,887.

DARBY v. DARBY et al.

In re DARBY et al.

(Feb. 17, 1908.)

PRESCRIPTION—DEMAND NOTE.

   Prescription on a demand note runs from date of note, and not from demand.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 366.]

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Iberia.

Action by Octave Darby against Paul Darby and others. Judgment for plaintiff was affirmed by the Court of Appeal, and defendants apply for certiorari or writ of review. Reversed in part, and suit of plaintiff dismissed as to certain notes sued on, and in other respects judgment affirmed.

Burke & Burke, for applicants. Weeks & Weeks, for respondent.

PROVOSTY, J. The present matter has been brought before this court by writ of review to the Court of Appeal sitting for the parish of Iberia. Defendants having acquiesced in the judgment of the district court except as to the notes C, D, and E, and plaintiff not having appealed, or, so far as the record shows, filed an answer to the appeal, the only notes involved are the said three notes, and to them the Court of Appeal confined its judgment.

The said notes are dated respectively, January 1, 1899, January 15, 1900, and January 1, 1901, and are payable on demand. This suit to enforce their payment was filed November 25, 1905. Defendants pleaded the prescription of five years.

Defendants are sued as the heirs of Mrs. Coralie Darby, the maker of the notes, who was the mother of the plaintiff and of one of the defendants and the grandmother of the other defendants.

Plaintiff offered parol evidence to show that the notes were given to him in payment of his salary as agent and manager of the plantation of his mother; that at the end of each year she would give him a note; that she had the cash with which to pay, and would have paid if he had not preferred to take the notes, which were interest bearing and a good investment; that his mother knew that such was his motive, and always cautioned him to take good care of the notes, thereby recognizing them as due. This evidence is now relied on for showing interruption of prescription. It was objected to in so far as tending to prove the acknowledgment of the debt or a promise to pay it by the deceased, for the purpose of taking it out of prescription. The court reserved its ruling on the objection, and never made any; but, had it ruled on it, would, doubtless, have sustained it, as the Code forbids the reception of parol evidence to prove "any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed." Article 2278. Except as tending to prove a continuing acknowledgment of the debt, the facts established by said evidence would not have the effect of either suspending or interrupting prescription; since a note is not rendered immune from prescription by the fact of its having been accepted by way of investment.

The next cause of interruption, or suspension, of prescription relied on by plaintiff is a written agreement entered into by him and his coheirs, including defendants, by

which they made a partition of the estate, paid all the debts—excepting two, which they said were contested—and deposited in bank an amount of cash sufficient to pay whatever judgment might be rendered on the said contested debts, one of which was the debt now sued on. The agreement provided that suit should be brought within six months; and that the agreement should not "in any way prevent or affect any rights which the said Octave Darby may have to claim judicially of his coheirs any amount herein referred to as claimed by him."

This agreement does not contain a word intimating in the slightest degree a willingness on the part of defendants to waive any of their rights or defenses; but plaintiff contends that the clause limiting to six months his right to bring suit is pregnant with an agreement that during such six months prescription shall not run against him. Both of the lower courts took a different view, and we agree with them. The parties to the agreement guardedly provided that the agreement should not affect the rights of the parties except as expressly stipulated. Moreover, the agreement was entered into in June, 1905, when the notes C and D were already prescribed, and it contains no express renunciation of a prescription already accrued. Civ. Code, art. 2278.

Both lower courts took the view that on a demand note prescription runs from demand, and not from the date of the note. In the case of Andrews v. Rhodes, 10 Rob. 52, this court decided the contrary, and that view has not been departed from, so far as we have been able to find; but, on the contrary, has been reaffirmed in the case of Harman v. Claiborne, 1 La. Ann. 342, where prescription was maintained in an action against the drawer of a check never presented for payment.

The underlying principle of the matter is that expressed by Judge Martin in the said Rhodes Case—that "prescription attaches to a right from the moment it may be exercised." This is so because from that moment the "silence" of the creditor begins, which, if it lasts long enough, operates the prescription. Civ. Code, arts. 3528, 3459. This is the principle of the decision of Wardwell v. Sterne, 22 La. Ann. 28, and Van Wickle v. Police Jury, Id. 76, where prescription was held to run on a duebill from its date. Indeed, if a demand note were not prescriptible until demanded, the parties to it would have discovered a mode by which prescription would not run upon an obligation exigible immediately; and this, practically, would amount to the discovery of a mode by which prescription could be renounced in advance, or could by an agreement be prevented from running, although article 3460, Civ. Code, provides that such a thing cannot be.

In a case where the adjudicatee at a judicial sale was to pay the price "within fifteen days from notification of judgment fixing the order in which the creditors were to be paid," the Court of Cassation held that prescription ran from the moment of the adjudication; because from that moment the debt was an absolute unconditional debt. Glais v. Villebranche, 13 Juillet, 1846, J. du P. 1846, vol. 2, p. 741.

The decisions in other states, with a few exceptions, hold that prescription on a demand note runs from the date of the note; and even in most of the few exceptions the decisions are influenced, more or less, by special facts. O'Neil v. Magner, 81 Cal. 631, 22 Pac. 876, 15 Am. St. Rep. 88; Jones v. Nicholl, 82 Cal. 32, 22 Pac. 878; Hall v. Letts, 21 Iowa, 596; Ware v. Hewey, 57 Me. 391, 99 Am. Dec. 780; Darnall's Ex'rs v. Magruder, 1 Har. & G. (Md.) 439; Fells Point Sav. Inst. v. Weedon, 18 Md. 320, 81 Am. Dec. 603; Newman v. Kettelle, 30 Mass. (13 Pick.) 418; Easton v. McAllister, 1 Mo. 662; Larason v. Lambert, 12 N. J. Law (7

Halst.) 247; Wenman v. Mohawk Ins. Co., 13 Wend. (N. Y.) 267, 28 Am. Dec. 464; White's Bank v. Ward, 35 Barb. (N. Y.) 637; Hirst v. Brooks, 50 Barb. (N. Y.) 334; De Lavallette v. Wendt, 75 N. Y. 579, 31 Am. Rep. 494; Anonymous, 2 City Ct. Rep. 166, note; Shutts v. Fingar, 100 N. Y. 539, 3 N. E. 588, 53 Am. Rep. 231; Caldwell v. Rodman, 50 N. C. 139; Hill v. Henry, 17 Ohio, 9; Taylor's Adm'rs v. Witman's Adm'rs, 3 Grant Cas. (Pa.) 138; Appeal of Milne, 99 Pa. 483; Wilks v. Robinson, 3 Rich. Law (S. C.) 182; Smith v. Blythewood, Rice (S. C.) 245, 33 Am. Dec. 111; Cook's Adm'rs v. Cook, 19 Tex. 434; Laidley v. Smith, 32 W. Va. 387, 9 S. E. 209, 25 Am. St. Rep. 825; Old Alms-House Farm of New Haven v. Smith, 52 Conn. 434; Edgell v. Coates, 3 Houst. (Del.) 325; Kraft v. Thomas, 123 Ind. 513, 24 N. E. 346, 18 Am. St. Rep. 345; Little v. Blunt, 26 Mass. (9 Pick.) 488; Fenno v. Gay, 146 Mass. 118, 15 N. E. 87; Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478; Brust v. Barrett, 16 Hun (N. Y.) 409; Brush v. Barret, 82 N. Y. 400, 37 Am. Rep. 569; McMullen v. Rafferty, 24 Hun (N. Y.) 363, affirmed 89 N. Y. 456; Bartholomew v. Seaman, 25 Hun (N. Y.) 619; Martin v. Stoddard, 127 N. Y. 61, 27 N. E. 285, affirming (City Ct. Brook.) 4 N. Y. Supp. 177; Girard Bank v. Bank of Penn. Tp., 4 Phila. (Pa.) 104; Appeal of Andress, 99 Pa. 421; Boustead v. Cuyler, 116 Pa. 551, 8 Atl. 848; In re Stevens' Estate, 164 Pa. 216, 30 Atl. 245; Appeal of Wiestling, Id.; Kingsbury v. Butler, 4 Vt. 458; Jenkins v. Dewar, 112 Tenn. 684, 82 S. W. 470.

Contra, Lee v. Cassin, Fed. Cas. No. 8,184 (2 Cranch, C. C. 112); Wolfe v. Whiteman, 4 Har. (Del.) 246; Thrall v. Mead's Estate, 40 Vt. 540.

There is nothing contrary to the foregoing in the decision of this court in Nott v. State National Bank, 51 La. Ann. 871, 25 South. 475. What the court there held was that a demand note is not dishonored, or does not carry with it a presumption of having been paid, or of there being some equities pleadable against it, until demand of payment has been unsuccessfully made. Between a note being dishonored or carrying a presumption of infirmity, and being a debt upon which prescription runs, the distinction is clear. In fact, these two aspects of the note are governed by different laws—the one by the law merchant, and the other by the Civil Code—and are dependent upon entirely different considerations. For cases strongly illustrative of these two aspects, see Jones v. Nicholl, 82 Cal. 32, 22 Pac. 878; Old Alms-House Farm of New Haven v. Smith, 52 Conn. 434.

The judgments of the Court of Appeal and of the district court are therefore set aside in so far as condemning defendants to pay the notes C, D, and E and the costs of suit, and the suit of plaintiff is dismissed as to said notes; in other respects the said judgments are affirmed, and plaintiff is condemned to pay costs of suit.