73 So.2d 447

**SLIMAN REALTY CORP.**

**v.**

**SLIMAN'S ESTATE.**

No. 41384.

April 26, 1954.

Rehearing Denied May 31, 1954.

G. C. Vidrine, Oakdale, Lazarus, Weil & Lazarus, New Orleans, for plaintiff-appellant.

C. W. Berry, Jr., Oakdale, for intervenors-appellees.

LeBLANC, Justice.

This case involves the question of proof of acknowledgment of a mortgage note which was sued on and which was prescribed on its face. The maker of the note is a person now deceased.

The alleged owners of the note are the heirs of K. Sliman who after the death of their father and mother organized the Sliman Realty Corporation. The note in contest which is for the sum of $8,000, is dated September 5, 1941 and made payable on demand, was executed by T. Sliman and was secured by a conventional mortgage on certain real estate situated in Allen Parish. After the death of T. Sliman, maker of the note, Sliman Realty Corporation instituted foreclosure proceedings via ordinaria, against his estate. In the petition it is alleged that the amount presently due on the note is the sum of $9,550.12 with interest at 8 per cent from December 31, 1951, that being the balance due on that date "after giving credit for all payments on said note, including a payment of One Thousand ($1000.00) Dollars made on January 9, 1948."

The Succession of T. Sliman had not been opened when this proceeding was filed and a curator ad hoc was appointed to represent the estate. The curator filed an answer in the form of a general denial and several creditors of the estate then intervened, one claiming to have a mortgage on part of the same property and others claiming to hold judicial mortgages. They all filed pleas of prescription from which there developed the issues that are presently before the Court.

At the first hearing on the plea in the district court, counsel for plaintiff attempted to prove an acknowledgment of the debt sued on. The trial judge ruled such evidence inadmissible in view of Art. 2278 of the LSA–Civil Code which specifically prescribes that: "Parol evidence shall not be received * * *. 2. To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed."

Thereafter, on a showing made by plaintiff, the Court permitted the case to be reopened for the purpose of letting counsel produce and offer in evidence certain bank deposit slips to the account of K. Sliman and also two checks in the sum of $1,000 each drawn by T. Sliman to the order of K. Sliman, the original holder of the note sued

on, one on February 16, 1946 and the other on January 12, 1948. These, it was urged on the Court, complied with the further requirements of the same Article of the Code, No. 2278, which provides as follows:

"But in all cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do."

The two checks signed by T. Sliman, it was contended, constituted an acknowledgment "by written evidence signed by him" and were evidence outside of the parol rule. The district judge allowed the introduction of such evidence subject to the strenuous objection of counsel for the intervenors but in deciding on the plea which he later sustained, he stated in his written reasons for judgment:

"The Court after considering the entire record is of the opinion that the objection made by intervenors as to the admissibility of any parole evidence was proper and the Court so holds."

From the judgment which dismissed the suit, plaintiffs took this appeal.

After the appeal had been lodged in this Court the appellant filed a motion to remand the case to the lower court for the purpose of introducing evidence alleged to have been discovered only after the appeal was taken. That is really the only matter that is now before us for, whereas counsel state that the trial judge erred in his ruling excluding prior evidence, they make no serious attempt to have the judgment reversed at this time. They may indeed as well concede the point for under the latest decision of this Court, Rassat v. Vegas, 173 La. 778, 138 So. 665, it is clear that like the letter claimed as an acknowledgment in that case, the two checks offered in this case are not, themselves alone, acknowledgments of the debt and parol evidence was not admissible to show that they constituted payments on the debt sued on.

But now, counsel contend that they have written proof, supported by affidavits, which show positively that the two checks were payments, specifically applied to the note sued on, and that they form an acknowledgment in the manner prescribed by Article 2278 of the Civil Code.

The evidence which is attached to certain affidavits to the motion to remand, consists of a merchant's ledger said to be that of T. Sliman, which was found in a bundle of clothing in the possession of one Alex Sliman. The ledger is allegedly written in the Syrian or Arabic language and, according to a translation of the writings in the English language, made by a person familiar with both languages, it is said that by certain entries made on page 61, the two checks previously offered in evidence are definitely identified as being payments made by T. Sliman on the note held by his broth-

er, K. Sliman. According to the English translation, a heading of the page reads: "Payment to brother Kalil from note on me." It may well be assumed that the heading, as well as all the entries referred to are in the handwriting of T. Sliman, maker of the note herein sued on but, as gathered from the English translation of the entire page which bears several entries not connected with the heading, nowhere on the page does his signature appear. As a matter of fact it would be most unusual if it did because a merchant does not sign each and every entry he makes in his books.

In connection with this thought we find ourselves reverting to the last paragraph of Article 2278 of the LSA–Civil Code which specifically prescribes that "in all cases mentioned in this article, the acknowledgment * * * shall be proved by written evidence *signed by the party who is alleged to have made [it]*." (Italics ours.) The requirement that the acknowledgment *be signed* by the party cannot possibly be overlooked. It may probably have prompted the Court, as long ago as in the early case of Harman v. Claiborne, 1 La.Ann. 342, to state:

"On examining the authorities cited by the counsel for the plaintiff, and one of them, that of Troplong, is the most recent work on the subject of prescription, we do not find that the entry of a note or bill on the books of a party, has ever been considered as interrupting prescription."

As far as we have been able to ascertain, there has been no deviation from that statement ever since it was made. The ruling was indirectly referred to in the later case of McGinty v. Succession of Henderson, 41 La.Ann. 382, 6 So. 658, 659, where the Court stated: "Equally inapplicable are authorities quoted as holding that mere entries on the books of a debtor cannot serve as an acknowledgment interrupting prescription." These authorities were held inapplicable because the evidence signed by the debtor which was sought to be introduced in that case were not "mere entries on the books" as is stated in the opinion. It consisted of the corresponding stubs of the check-book from which the debtor's check had been written and signed, and apparently the Court considered that both the stub and the check having been written together, they, in effect, constituted but one written instrument and the stub which explained the purpose for which the signed check was given, was admissible in evidence. The situation was the same as when a check bears on its face a notation written by the debtor indicating what payment it was intended and given for.

The ruling in the McGinty case was followed by the Court of Appeal for the Parish of Orleans in the case of Robin v. Walsh, La.App., 17 So.2d 852, where the facts presented to that Court were very similar.

But that is not the situation we have before us in this case. Here we do have "mere entries" on the debtor's ledger entirely detached from the signed checks which it is claimed they have reference to. By themselves the entries indicate no connection whatever with the note sued on, the only reference to any note being what is contained at the heading of the page. But on examining the English translation we observe several entries that cannot possibly have any bearing on any note, and as far as the two that are relied on by appellant, the one of February 16, 1946 simply reads "from me 1000.00" and the other dated January 1, 1948 is a mere entry, "1000.00". Even though we were to assume therefore that they were admissible, they would seem to have very little probative value, if any.

In cases where the acknowledgments or promises claimed were in the form of letters from the deceased person, as for instance in Harrison v. Dayries, 23 La.Ann. 216, it is shown, as distinctly stated in that case that the acknowledgment relied on is in writing and "it is signed by the deceased. * * * These are the promises and acknowledgments which the act of 1858 (now Art. 2278, R.C.C.) require to be in writing and signed."

■ The importance of a literal compliance with the rule excluding parol evidence under Article 2278 of the LSA–Civil Code cannot be overestimated. Its soundness is found in its very terms. Whilst we ascribe no such motives to the plaintiff in this case, we do say, speaking generally, that primarily its object is to protect the heirs and legal representatives of a deceased person against the cupidity of and the danger of fraud on the part of scheming and unscrupulous creditors. In the case of Lehman v. Estate of Mahier, 34 La.Ann. 319, it is stated:

"This Court has held, in the cases of Succession of Kugler, 23 La.Ann. 455, and Tilden v. Succession of Morrison, 33 La.Ann. 1067, that when a letter was produced, signed by the deceased debtor, acknowledging a debt, parol testimony could be received to show that there was no other debt between the parties than the one sued on, and hence, that the acknowledgment must have referred to it. This is a very liberal construction of the C.C. Art. 2278, and we are not disposed to extend it one whit further than we have already gone."

■ A liberal construction of the Article may also be said to have been applied in the case of McGinty v. Succession of Henderson, supra, which was followed by the Court of Appeal, Parish of Orleans, in Robin v. Walsh, supra, in the ruling made in each with regard to the admissibility of check stubs to identify the checks with which they corresponded. We are not now questioning the soundness of those rulings but we are tempted to repeat what was said in the case of Lehman v. Estate

of Mahier, supra, that we are not inclined to extend any further liberal construction to the article which excludes parol testimony to prove an acknowledgment of a debt by a party deceased and which otherwise specifically requires the proof to be by written evidence, signed by him.

For the reasons stated it is now ordered that the motion to remand be, and the same is hereby denied and it is further ordered that the judgment appealed from be affirmed at the costs of the plaintiff, appellant herein.