LOTTINGER, Judge.
This is a mandamus suit filed by petitioner against Emile J. Thoman and the Clerk of Court and Ex-Officio Recorder of Mortgages for the Parish of St. Tammany, Louisiana, wherein petitioner seeks to cancel an inscription of a mortgage against his property on the grounds that the note identified with the act of mortgage has been extinguished by prescription of five years. The Lower Court held in favor of petitioner and against the defendant and ordered cancellation of the mortgage. The defendant, Emile J. Thoman, took a suspensive appeal to the Louisiana Supreme Court, which was transferred to this Court.
*792 The record reflects that on October 30, 1951, petitioner executed a promissory note payable to defendant Thoman in the principal sum of $4,268, which promissory note was made payable on demand, and which was secured by an act of mortgage on certain property owned by petitioner and situated in the City of Covington, Louisiana. The petition alleges that the defendant, Emile J. Thoman, is the holder and owner of said promissory note, and that the said note has been extinguished by the five year liberative prescription as set forth in Article 3540 of the LSA-Civil Code. Defendants to the suit are the Clerk of Court and Ex-Officio Recorder of Mortgages of the Parish of St. Tammany, and the holder of the note, Emile J. Thoman.
Defendant Thoman filed answer admitting the execution of the note and that he is the present owner thereof, and further alleges that prescription has been interrupted by verbal acknowledgment of said indebtedness as well as certain payments made thereon. Said payments allegedly were made between the dates of July 12, 1954 and September 20, 1955, inclusive. The suit was filed April 24, 1958. The said defendant also reconvened for judgment in the full sum of $3,953, together with legal interest thereon from date of demand until paid and 15% attorney fees, same being the balance due on the said promissory note, and asks for recognition of his mortgage.
The Lower Court held that the defendant did not sustain his burden of proving the interruption of prescription and rendered a judgment in favor of petitioner and against the defendants, making the alternative writ of mandamus peremptory, and ordering the defendant, Emile J. Thoman, to deliver the promissory note to the Clerk of Court so that the inscription of the act of mortgage may be cancelled. From said judgment below, the defendant, Emile J. Thoman, has taken a suspensive appeal. Inasmuch as the Clerk of Court has not appealed, and has no interest in the matter, other than to abide by the orders of the Court, all references hereinafter made to defendant will mean Emile J. Thoman.
Prescription on a promissory note accrues in five years, reckoning from the date when the engagement was payable. LSA-Civil Code Article 3540. As regards a demand note, prescription runs from the date thereof, and not from the date of demand. Darby v. Darby, 120 La. 847, 45 So. 747, 14 L.R.A.,N.S., 1208. Prescription releasing debts is interrupted whenever the debtor makes acknowledgment of same. LSA-Civil Code Articles 3520 and 3551. This acknowledgment may be made by partial payment, American Furniture Company v. Patterson, La.App., 157 So. 174, or by verbal promise to pay the debt, Dendinger, Inc. v. Royal Indemnity Company, 5 La.App. 302. However, whenever a note has prescribed on its face, the burden of proving interruption of prescription rests on the party alleging interruption. Landry v. Guidry, 210 La. 194, 26 So.2d 695.
Inasmuch as the promissory note in question was dated October 30, 1951, and was made payable upon demand, the note has prescribed on its face, because this suit was not filed until April 24, 1958, which was more than five years after the date of the note. The burden of proving interruption of prescription was, therefore, upon the party alleging same who is the defendant herein. Defendant claims that several payments were made on said note. The first of said payments, in the sum of $200 was allegedly made on July 12, 1954. The defense has filed into evidence an alleged receipt signed by the defendant and purporting to show that, on July 12, 1954, he received $200 as payment on the note of 10/30/51. This receipt is signed by the defendant and witnessed by Frank J. Pichón. The defendant testified that the payment was made as acknowledged in the said receipt and claims that the reason he gave a written receipt, witnessed by Mr. Pichón, was because the note was then in the bank vault and he was unable to make a notation of said payment on the rear of the note. The defendant’s *793 testimony is corroborated by the testimony of Mr. Pichón who testified that the payment was made in his presence and that the defendant requested that he sign the receipt as a witness.
The Lower Court disregarded the receipt and the testimony thereon, because the Court said that it was “unusual”, for a creditor to give a witnessed receipt showing payment. Of course, the said payment is denied by petitioner, he claiming that he never made a $200 payment on the note.
The defendant further alleges various smaller payments on the said note, numbering ten, between the dates June 13, 1955 and September 20, 1955. His testimony thereon is corroborated by receipts filed in the record giving a date and showing the various payments from petitioner. As to these receipts, the petitioner claims that they were made on an air conditioner which he had purchased from defendant on or about May 21, 1955 in the sum of $249.42. He claims that on making these payments he told the defendant that they were to be applied to the air conditioner, and recites, in support of his said allegation, the fact that these payments were made shortly after the purchase of same.
As further evidence of interruption of prescription, defendant testified that, during the year 1956 the petitioner attempted to secure a loan from St. Tammany Homestead Association who advised petitioner that the loan could be made if the mortgage held by defendant would be sub-rogated to the mortgage of the Homestead. Defendant testified that the petitioner saw him relative to his negotiations with the Homestead and had him sign a letter to the effect that defendant was agreeable to can-celling his mortgage and rewriting same after the mortgage to the Homestead was filed of record. In support of this allegation on the part of the defendant, defendant has filed of record a letter written above his signature, under date of December 6, 1956, which substantiates his testimony. This letter was produced by Mr. Louis Ross, an official of the Homestead who testified that the letter had been in his possession from December, 1956 until the trial of this suit. This letter, however, was written more than five years after the date of the note, and can be of no avail in interrupting prescription as it is not signed by the petitioner, and the jurisprudence is to the effect that an oral aclclowledgment, after the five year prescription period on a note had run, is of no avail in interrupting prescription. Peoples Bank v. Waggoner, La.App., 200 So. 28. However, the evidence regarding this letter was effectively used by the defendant to discredit the testimony of petitioner, inasmuch as petitioner had testified that he had never discussed the note with Mr. Thoman from the time he borrowed the money until the time he left his employment which was in March, 1957, and had not seen the Homestead during the year 1956 with regard to securing a loan from them. According to the testimony of Mr. Ross and defendant, this letter was secured at the instance of petitioner. Mr. Ross testified that petitioner told him that he would get a letter from Mr. Thoman agreeing to cancel the mortgage and take a second mortgage. Subsequent to this, however, the Homestead discovered that there were judgments against the petitioner, and so the loan did not materialize.
In support of his claim for interruption, the defendant cites Article 2166 of the LSA-Civil Code to the effect that when a receipt bears no imputation, the payment must be imputed to the debt which the debt- or had, at the time, the most interest in discharging. He takes the position that the petitioner herein would have had more interest in discharging the older secured indebtedness than the younger unsecured indebtedness on the air conditioner. It will be recalled that the receipt in the sum of $200 specifies that the payment thereof was imputed to the promissory note, whereas the other payments give no indication as to which indebtedness they are credited.
It appears to this Court that the defendant has sustained his burden of proving *794 interruption of prescription by the payment of $200 made on July 12, 1954. The testimony of both the defendant, and the witness thereon, was uncontradicted except for the denial by petitioner himself. Although the witness to said receipt had been in the employ of defendant for a period of some thirty years prior to the date of receipt, we do not believe that this is cause for assuming that the party would perjure himself. It is, therefore, our opinion that the defendant has sustained his burden of proving interruption of prescription by a preponderance of the evidence, and that, therefore, the Lower Court erred in holding otherwise.
Although the petitioner claims that he made no payments whatsoever on the note, we hold that he made at least one payment of $200 on July 12, 1954. As this was sufficient to interrupt prescription, we need not consider the other payments alleged by defendant. As defendant has given petitioner credit for all payments alleged in his re-conventional demand, there will be judgment herein reversing the decision of the Lower Court and granting judgment in favor of defendant, and against petitioner in the sum of $3,953, with legal interest thereon from date of judicial demand until paid, and 15% of the aggregate as attorney fees, as well as all costs; and recognizing and maintaining defendant’s special lien, privilege and mortgage filed of record on November 21, 1951, in Mortgage Book No. 95, Page 106 of the records of the Parish of St. Tammany, State of Louisiana, which bears against the following described property, to wit:
“All that certain lot or parcel of ground, with all buildings and improvements thereon, and all rights, ways, privileges, servitudes, prescriptions, appurtenances and advantages thereunto belonging or appertaining, situated in the Town of Covington, St. Tammany Parish, Louisiana, and more fully described as follows:
“Being Lot Number One in Square Number Three of the Division of Summer of said town; said lot having a front of 60 feet on Wharton (formerly Monroe) street by a depth of 120 feet between parallel lines, and forming the corner of Wharton (formerly Monroe) Street and Jefferson Davis Street.’
“Said Square is bounded by Wharton (formerly Monroe) and Jefferson Davis Streets, Jahncke Avenue and Washington Street.”
Judgment reversed and rendered.