CHASEZ, Judge.
On January 9, 1962, plaintiff, A. F. Das-sau, brought a proceeding via ordinari against defendant, M. M. Seary, to collect defendant’s $1,200.00 note of October 28, 1953, representing the credit portion of the price of certain real estate located in Jefferson Parish, secured by recorded vendor’s lien, privilege and special mortgage.
Personal service was had on defendant, M. M. Seary, a resident of Orleans Parish, and in due course a default judgment was *244 rendered in plaintiff’s favor. A fi. fa. to the Sheriff resulted in the beginning of advertisement of the sale of the property.
James A. Lindsay then filed a petition of intervention and opposition, asking that the Sheriff’s sale be enjoined on the ground that the note sued upon was prescribed and that he, as the present owner of the land under a 1955 tax sale, which was duly confirmed, had the right to plead the prescription. Intervenor also prayed for the erasure from the mortgage records of the inscription of the vendor’s privilege and mortgage. The record discloses a stipulation between plaintiff and intervenor that Lindsay is presently the owner of the land by virtue of that tax sale and judicial confirmation thereof.
From a judgment overruling intervenor’s plea of prescription and dismissing his rule for injunction, intervenor suspensively appeals.
While the note sued upon had been lost by plaintiff, the act of sale with mortgage reflecting its terms is in evidence. The act shows that the note was payable in monthly installments o'f $20.00 each, together with interest on the unpaid balance at 6% per annum. The first installment was due November 15, 1953. The act further recites :
“It is distinctly understood that if the purchaser herein becomes in arrears in the monthly payments as here-inbefore stipulated for one month, it shall ipso facto and without demand or putting in default cause the hereinbe-fore described promissory note to become immediately due and exigible and shall entitle the holder thereof to proceed to the collection of said note or any part thereof that may then be due.”
No payment was ever made on this note.
Intervenor contends that the November 15, 1953 payment not having been paid by December 15, 1953, the note became “ipso facto * * * immediately due and exigi-ble” as of December, 1953. Intervenor thus argues that the five-year liberative prescription of LSA-C.C. Art. 3540 accrued as of December, 1958, long before suit on the note was filed or service of process on defendant made.
We hold that the note is prescribed. Intervenor is of course entitled to plead the prescription; LSA-C.C. Art. 3466; McDaniel v. Lalanne, 28 La.Ann. 661 (1876).
The entire note is prescribed (and not merely the installments due more than five years prior to service on defendant, a resident of another parish). Under the contract the holder of the note had the right, without the necessity of any further action whatsoever, to sue upon the note for its entire amount, since one month after the failure to pay the November 1953 installment. At that time the entire note was “ipso facto * * * due and exigible”. LSA-C.C. Art. 3540 makes notes “prescribed by five years, reckoning from the day when the engagements were payable.” Under the contract in this case (which was obviously drawn by the credit vendor) the note has been “payable” since December, 1953.
While we find no case in Louisiana squarely in point, we have found Louisiana cases holding that prescription begins to run against the vendor’s right to rescind from the time of default in the first installment of the price. See, for example, Gonsoulin v. John Adams & Co., 28 La.Ann. 598 (1876). Those cases, of course, do not hold that prescription against the remaining installments of the price begin to run at the same time; they do not contain a flat “ipso facto” acceleration clause like that present here. But the ratio decidendi of those cases is nevertheless applicable. Their reasoning is expressed in Gonsoulin at 28 La.Ann. 599:
“ * * * Obviously, when the buyer failed to pay the first installment of the price, the seller might have exercised his right to dissolve the sale for the non-payment of the price, and *245 ■prescription against that right began to run from the moment when it might have been enforced." (Emphasis supplied.)
Pertinent also are the cases holding that ■prescription against a demand note begins to run from its date, and not from demand. In Darby v. Darby, 120 La. 847, 45 So. 747, 14 L.R.A.,N.S., (1908), the Supreme Court «explains:
“The underlying principle of the matter is that expressed by Judge Martin in the said Rhodes Case [Andrews v. Rhodes, 10 Rob. 52]- — that ‘prescription attaches to a right from the moment it may be exercised.’ ”
The note at issue herein was “ipso facto * * * due and exigible,” and plaintiff could have exercised his right to sue to collect it since December 1953. Prescription began to run at that time, and accrued five years later in December, 1958. The note was long prescribed before the present suit was brought, and intervenor’s plea of prescription should have been maintained, and injunction against the sale should have .issued.
Our brother below construed the contract ■in question as merely affording the holder •of the note the option to accelerate maturity one month after default, and because the holder here did nothing which might be •construed as an election to accelerate, held that the maturity had not been accelerated. We believe that the District Court erred in failing to distinguish between the clause in -this contract, and clauses which are expressly worded so as to make acceleration of maturity dependent upon the exercise by -the holder of an option to accelerate. Both types of acceleration clause are doubtless inserted in contracts for the benefit of the holder of the note. However, the option -type merely gives the holder the immediate Tight to elect to accelerate maturity, (and ■only after election to collect the full note), while the flat ipso facto clause present here ■automatically accelerates maturity and gives ihe holder the immediate right to collect, without the necessity of exercising any option. The considerations which might support a different result, were the present clause of the option type, therefore do not apply to this case.
The accessory rights of mortgage (already defeated by the tax sale to intervenor) and vendor’s privilege (which survived the tax sale) of necessity also become unenforceable when the principal obligation, the note, becomes unenforceable. However, the Clerk of Court and Ex-Officio Recorder of Mortgages was not made a party to these proceedings, and we are therefore not in a position to issue any order for the erasure of this inscription.
Accordingly, the judgment of the District Court rendered herein on the 3rd day of April, 1963, dissolving the preliminary injunction and discharging the rule filed herein by intervenor for a writ of permanent injunction is reversed and set aside; and it is now ordered, adjudged and decreed that the preliminary injunction issued herein be perpetuated and made permanent, enjoining and restraining the Sheriff for the Parish of Jefferson, John Fitzgerald, from proceeding with the advertising and the sale of the following described property, to-wit:
Six certain lots of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that part thereof known as Kenner Project Subdivision, and according to plan of subdivision of W. F. Calogne, C. E., dated March 16, 1927, revised September 11, 1927, said portion is situated in Section 9 in Square 210 thereof, bounded by Luverne and Dan-ville Streets, Bainbridge and Waldron Avenues, and are designated as Lots 7, 8, 9, 10, 11 and 12, which adjoin each other and measure each 20 feet front on Waldron Avenue by 120 feet in *246 depth between equal and parallel lines. Lot 12 forms the corner of Waldron Avenue and Luverne Street.
which property is recognized by the parties hereto by stipulation, of record herein, as being' owned by intervenor, James A. Lindsay.
All costs of this proceeding in the District Court and in this Court shall be borne by plaintiff herein, A. F. Dassau.
Reversed and rendered.