LOTTINGER, Judge.
This is a suit to enjoin the execution of a judgment. The facts of the case disclose that in October, 1951, the relator, Anthony J. Sunseri, executed a promissory note to *45 Emile J. Thoman in the principal sum of $4268.00, which said promissory note was made payable on demand and was secured by an act of mortgage on certain property owned by relator and situated in the city of Covington, Louisiana. On April 24, 1958, the relator filed a mandamus suit against Thoman and the Clerk of Court an ex offi-cio Recorder of Mortgages for the Parish of St. Tammany, Louisiana, wherein petitioner sought to cancel the inscription of the mortgage against his property on the grounds that the note identified with the act of mortgage had been extinguished by prescription.
After trial on the merits in this prior suit, the Lower Court maintained the allegation of prescription and rendered judgment in favor of the petitioner, ordering the note to be cancelled. Upon appeal to this Court, reported in 135 So.2d 791, the judgment of the Lower Court was reversed, as the facts showed that a certain payment had been made on the note which interrupted prescription.
Subsequent to the rendition of said judgment, there was an application for rehearing to this Court which was refused, and there was an application to the Supreme Court for a writ which was also refused. During the pendency of the above suit, Emile J. Thoman died and his widow was substituted. She is the respondent in the present proceeding. Application for rehearing was denied on December 18, 1961, and the Supreme Court denied writs on February 2, 1962.
On April 12, 1962, a writ of seizure was issued and on April 23, 1962, the relator filed this present suit, the object of which is to annul the effect of the earlier judgment of this Court and to enjoin the enforcement of that judgment, a temporary restraining order issued as well as a rule to show cause why a preliminary injunction should not issue. The respondent filed exceptions of no right and no cause of action as well as res adjudicata which exceptions were sustained. Upon appeal to this Court, the decision of the Lower Court maintaining the exceptions was reversed and the case was remanded to the District Court for trial on the merits. Our opinion on this appeal is set forth in 154 So.2d 480. Rehearing was denied by this Court on July 1, 1963. Following trial in the Lower Court, a judgment was rendered to the effect that the note had been extinguished by payment and the Lower Court rendered the rule nisi absolute, permanently enjoining and restraining the sale of relator’s property, making the writs issued herein preemptory and ordering the note to be surrendered for cancellation of the inscription of mortgage. A devolutive appeal was taken to this Court.
Briefly, the facts alleged and sought to be proved by Anthony Sunseri, the relator, are to the effect that subsequent to the death of Mr. Thoman his widow requested the services of Mr. Sunseri in attempting to locate certain property belonging to the succession. The relator had worked for Thoman for several years and was familiar with the location of a number of juke boxes which were owned by Thoman. Relator alleged, and his testimony as well as that of Sam Bosco, is to the effect that Mrs. Tho-man told the relator that if he would assist her in locating the equipment that she would return the note to him as paid. The testimony indicates that the requested services were performed by relator and' after which he requested the return of the note from Mrs. Thoman, and even went to one of the attorneys for the succession in order to recover the note. However, he was hot successful. The only witnesses who testified relative to this conversation between relator and Mrs. Thoman was relator himself, Mrs. Thoman and Sam Bosco. Of course, Mrs. Thoman denied that such a conversation took place.
The Lower Court, therefore, held that the preponderance of the testimony substantiated the conversation as above mentioned, and therefore rendered judgment to the effect that the note had been satisfied. In its reasons for decision it re *46 ferred to Mr. Eosco as a witness of well founded reputation and worthy of belief. The Court gave credence to his testimony as well as that of relator, and we agree that the greater weight of the testimony is to the effect that the note was extinguished for services performed.
The respondent claims that the relator is not entitled to the relief sought now on the grounds that the contentions which he now pleads were available and should have been interposed on this Court on the prior appeal of this matter. The prior appeal, however, was on exceptions and the defense as now interposed by the relator referred to the merits of the case.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by the respondent.
Judgment affirmed.